Fritz E. STRUEMPLER, Jr., Appellant,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Appellee.

No. 86–2266.

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1987.

Decided June 30, 1987.

---

Glen A. Murray, Grand Island, Neb., for appellant.

Steven A. Russell, Asst. U.S. Atty., Lincoln, Neb., for appellee.

Before ROSS, ARNOLD, and MAGILL, Circuit Judges.

ARNOLD, Circuit Judge.

Fritz Struempler is a 57–year–old farmer from Mason City, Nebraska. In 1984 he applied for social-security benefits on account of an injury to his left shoulder which greatly restricted his use of that limb. His use of his right arm is also restricted because of a corn-picker accident many years ago in which he lost all the fingers on his right hand. He writes only with great difficulty. His application for disability benefits was initially denied on the ground that after surgery he would recover sufficient use of his left arm to return to farming. His request for reconsideration was denied. Mr. Struempler requested a hearing. The Administrative Law Judge determined that he could not be found disabled because, although he was unable to return to farming, there was work of a sedentary nature in the national economy which he would be able to perform within his physical limitations. On January 30, 1985 the Appeals Council denied Mr. Struempler's request for review, thus making the decision of the ALJ the Secretary's final decision.

Mr. Struempler filed suit in the District Court seeking review of the Secretary's decision. The Court held for the Secretary. We reverse and remand for further proceedings.

On appeal, the plaintiff asserts that the ALJ erred in failing expressly to shift the burden of proof to the Secretary after Struempler had demonstrated that because of his disability he could no longer continue in his former occupation. It is established law that once such a showing has been made, the burden is on the Secretary to prove that the claimant is capable, within his physical and mental limitations, of performing some other job which exists in the

national economy. We have held repeatedly (see, *e.g.*, *Lanning v. Heckler*, 777 F.2d 1316 (8th Cir.1985)) that the shift in the burden of proof must be expressly recognized by the ALJ. *Id.* at 1317. This Court will not assume that the ALJ implicitly shifted the burden of proof and will find this error to be reversible unless all of the evidence is so strongly against the claimant's position that proper allocation of proof would not have changed the outcome. *Allred v. Heckler*, 729 F.2d 529 (8th Cir. 1984).

The government argues that we should not reach this point because it was not raised before the District Court. Ordinarily, an appellate court will not decide questions raised first on appeal, see *Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976), but this is not a flat rule but rather a matter of prudence and discretion. Here, we think there is a good reason not to apply the rule. The District Court's opinion expressly recognizes the duty of an ALJ to acknowledge the shift in the burden of proof. *Struempler v. Heckler*, No. CV85-L-201 (D.Neb. Aug. 1, 1986), slip op. 5. That Court nevertheless upheld as supported by substantial evidence the ALJ's finding that the claimant could do work other than his previously relevant occupation. When an issue was actually decided in the trial court, even though not expressly raised by the parties, the rule against consideration of the question on appeal loses a good deal of its force. It is not unfair to a trial court for an appellate court to decide a question that the trial court actually reached in its opinion, notwithstanding the fact that it was not argued by the parties.

We have read the entire record in this case. It is clear that claimant's disabilities were sufficiently severe to preclude his returning to his former occupation as a farmer. It is equally clear that the ALJ's opinion makes no mention of the fact that, in this situation, the burden is on the Secretary to prove that the claimant can perform some other job, notwithstanding his physical limitations. The record is not sufficiently clear to enable us to say that the

failure to shift the burden of proof had no probable effect on the outcome. We find the case a rather close one, one in which the allocation of the burden of proof might well make a difference. It is undisputed that the claimant has severe limitations, and there is no medical expert testimony to support a finding that he can do either light or sedentary work. There is some evidence of plaintiff's ability to function as a feed salesman, and he can drive a car, but this evidence is simply not strong enough to enable us to say, as a matter of law, that the error in failing to acknowledge the shift in the burden of proof was harmless. The case must therefore go back to the Secretary for further administrative proceedings, in which the shift in the burden of proof must be expressly acknowledged.

Since there must in any event be further proceedings, we mention another aspect of the case that we have found disturbing. After the ALJ's decision was filed, and while the case was pending before the Appeals Council, the claimant's attorney filed an additional medical report. This report, by Dr. L.H. Jacobsen, in addition to describing plaintiff's problems with his left shoulder, problems that have been the major focus of discussion in the case up to now, also stated that in October of 1984, after the record before the ALJ had closed, Mr. Struempler had to go back to the hospital "with suspected acute diverticulitis, colitis, and urinary retention." Adm.Rec. 7. The claimant "later underwent a colonoscopy and [was] found to have ulceration and acute inflammation of his colon." *Ibid.* "On rectal exam, he has dark hemoccult positive stool in the rectum. Mr. Struempler is having an increased number of bowel movements during the day. These are either bloody, or dark as the result of blood." *Ibid.*

The ALJ's opinion does not advert to this aspect of the claimant's medical problems, either alone or in combination with his other obvious impairments. The Appeals Council decision declining to review the decision of the ALJ states only that the Council has "carefully considered

the report dated December 18, 1984, from L.H. Jacobsen, M.D., but decided that this additional evidence did not provide a basis for changing the Administrative Law Judge's decision." Adm.Rec. 4. We have no doubt that the Appeals Council did in fact carefully consider this additional piece of evidence. But, since the case must go back for further proceedings in any event, we direct that this additional aspect of the claimant's medical problems be carefully explored. There is reason to fear that the claimant has some serious internal medical difficulty, and this problem, when considered in combination with his significant limitations on use of his left arm, may well require a finding of disability on remand.

The judgment is reversed, and the cause remanded to the District Court with directions to remand it to the Secretary for further proceedings consistent with this opinion.

It is so ordered.