**Georgia TRUNDLE, Appellant,**

**v.**

**Otis R. BOWEN, Secretary of the Department of Health and Human Services of the United States of America, Appellee.**

No. 86–5409.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 3, 1987.

Decided Sept. 2, 1987.

**808**

Todd A. Schweiger, Rapid City, S.D., for appellant.

Ted L. McBride, Rapid City, S.D., for appellee.

Before HEANEY, WOLLMAN, and MAGILL, Circuit Judges.

PER CURIAM.

Georgia Trundle appeals from the district court's order denying attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A) (Supp. III 1985). Although this case presents a close question, we hold that the district court erred in failing to award attorney's fees.

## I. BACKGROUND.

Trundle is in her mid-forties, with an eighth grade education and past relevant work experience as a waitress, laborer and cook. She applied for supplemental security income (SSI) benefits in September 1984, claiming a disability due to severe back pain. Trundle's application was denied initially and upon reconsideration. Following

a March 1985 hearing, the ALJ determined that, although Trundle suffered from osteoarthritis of the thoracolumbar spine and had a "severe impairment" which prevented her from performing her past work, she had the residual functional capacity to perform sedentary work, and therefore was not under a disability as defined in the Social Security Act.[1] After the Appeals Council upheld the ALJ's determination, Trundle filed an action in district court seeking judicial review of the denial of benefits.

The district court reviewed the pleadings and record, and, without calling for briefs from the parties, entered an order reversing the Secretary's decision and remanding for either a prompt award of benefits or further proceedings to determine whether jobs existed in the economy which Trundle could perform. *Trundle v. Heckler*, 626 F.Supp. 272 (D.S.D.1986). The government then filed a Fed.R.Civ.P. 60(b) motion to be relieved from judgment, which the district court summarily denied.

On remand, Trundle was awarded SSI benefits. On August 8, 1986, her attorney filed a timely motion in district court seeking attorney's fees under the EAJA. Under local court rules, the government then had ten days from the date of service to file objections to a fee award. However, it was not until August 25, 1986, that the government filed a response arguing that an award of attorney's fees was inappropriate in this case because the position of the United States was "substantially justified."

Trundle filed a motion to strike the government's response as untimely filed. The government then sought leave to file the response out of time, with counsel explaining that he "simply did not recall" that the local rules provided for a shorter time period for filing responses to motions for attorney's fees. On October 7, 1986, the district court issued an order denying the motion to strike "because [the government's] failure to file a response on time

---

1. Both the background of this case and ALJ's findings are set forth in some detail in *Trundle* *v. Heckler*, 626 F.Supp. 272 (D.S.D.1986), and will not be repeated here.

was apparently an inadvertent mistake," and denying the motion for attorney's fees because the court was "unable to find that the position of the United States was not substantially justified." This appeal followed.

## II. DISCUSSION.

■ The EAJA specifically authorizes an award of attorney's fees to a prevailing party unless the position of the United States is substantially justified, or unless special circumstances exist which make an award of fees unjust. 28 U.S.C. § 2412(d)(1)(A). The government bears the burden of proving that its position at both the administrative and litigation stages was substantially justified; the test for determining substantial justification is essentially one of reasonableness. *Keasler v. United States*, 766 F.2d 1227, 1231 (8th Cir. 1985). However, the government "must show not merely that its position was marginally reasonable; its position must be clearly reasonable, well founded in law and fact, solid though not necessarily correct." *United States v. 1,378.65 Acres of Land*, 794 F.2d 1313, 1318 (8th Cir.1986). This court reviews the denial of EAJA fees under an abuse-of-discretion standard. *See, e.g., Gamber v. Bowen*, 823 F.2d 242, 244 (8th Cir.1987).

Trundle first argues that the district court erred in even considering the government's untimely resistance to her fee request. According to Trundle, the assertion of government's counsel that he simply forgot about the ten-day time limit for opposing fee awards was not an adequate excuse for failing to comply with local rules. Therefore, she maintains, any objection to the fee request should have been deemed waived. Trundle submits that, because the burden was on the government to establish the substantial justification of its position, and because its untimely submissions should not have been considered, it was improper for the district court to allow the government to proceed, and error to deny her request for fees.

■ This court has previously stated that it is for the district court to determine what departures from its local rules of practice may be overlooked. *Braxton v. Bi-State Development Agency*, 728 F.2d 1105, 1107 (8th Cir.1984). The district court's decision to permit the government to submit an untimely response does not appear to have been an abuse of discretion in the circumstances of this case. Furthermore, even if the government had never opposed the petition for fees, the district court would not have been precluded from denying a fee award under the EAJA. *Jackson v. Bowen*, 807 F.2d 127, 129 (8th Cir.1986) (per curiam). Although the burden of showing substantial justification is on the government, a formal government response to a petition for fees, while desirable, "is not a pre-condition of an order denying an award of fees under the Act." *Campbell v. Bowen*, 800 F.2d 1247, 1249 (4th Cir.1986).

The real question is whether, based on the record, the district court abused its discretion in finding that the government's position was substantially justified, i.e., that the government's defense of the underlying agency decision denying Trundle benefits was "'essentially one of reasonableness in law and in fact.'" *Keasler*, 766 F.2d at 1231 (citations omitted). In answering this question, the district court's conclusions of law are to be reviewed *de novo;* its findings of fact are reviewed under a clearly erroneous standard. *United States v. Estridge*, 797 F.2d 1454, 1457 (8th Cir.1986) (per curiam).

In this instance, the district court's order stated only:

The Court is unable to find that the position of the United States was not substantially justified. As defendant points out, this case is similar to *Albrecht v. Heckler*, 765 F.2d 914 (9th Cir. 1985), in which it was held that an award of EAJA fees is improper where the defendant's decision is reversed for failing to properly weigh conflicting medical evidence. In addition, the facts of *Trundle* are distinguishable from those of *Cor-*

*nella v. Schweiker,* 728 F.2d 978 (8th Cir.1984). Therefore, attorney's fees will not be awarded to the plaintiff in this case.

The district court's reliance on *Albrecht* seems somewhat misplaced. In *Albrecht,* the ALJ's decision was reversed because he rejected the opinions of four treating physicians, and instead followed the opinions of two nontreating physicians without stating clear and convincing reasons for taking that position. His decision was thus not supported by substantial evidence. *Albrecht,* 765 F.2d at 915–916. Unlike *Albrecht, Trundle* cannot simply be characterized as a case reversed because conflicting medical evidence was improperly weighed.[2] Rather, the Secretary's decision was reversed on the basis of the record and pleadings because the ALJ (1) failed to apply the *Polaski* standard to evaluate Trundle's complaints of pain; (2) failed explicitly to shift the burden of proof to the Secretary after finding that Trundle could not perform past relevant work;[3] (3) improperly applied the Medical-Vocational Guidelines in a case involving a nonexertional impairment, after rejecting subjective evidence of pain for legally insufficient reasons; and (4) erred by not calling a vocational expert to testify about what jobs Trundle might be able to perform. *Id.* at 276–77.

■■■ Despite the district court's recitation of these departures from well-established law, the government filed a Rule 60(b) motion, maintaining that the Secretary's decision was supported by substantial evidence, and should have been af-

firmed. It was this action which, according to Trundle's attorney, precipitated the work that constituted a major portion of the fee request. And it was this action, taken in defense of the ALJ's decision, which arguably was not substantially justified.

In reaching his conclusion, the ALJ relied upon a standard for evaluating complaints of pain adopted by the Social Security Disability Benefits Reform Act of 1984. Under that standard (as recited in the ALJ's decision and in the Rule 60(b) motion), a claimant is required to show a medical condition reasonably expected to produce pain, and his subjective complaints need only be considered insofar as they are reasonably consistent with the medical signs and findings. The ALJ disbelieved Trundle's testimony about the severity of her pain primarily because it was disproportionate to the medical findings. The standard applied by the ALJ is, however, at odds with the *Polaski* standard, which provides that an ALJ may not disregard subjective complaints of pain solely because they are not supported by objective medical evidence. *Polaski v. Heckler,* 751 F.2d 943, 948 (8th Cir.1984) (quoting *Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984)). The absence of such objective medical evidence is only one factor to consider; "[t]he adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record," and evidence concerning such factors as the claimant's daily activities; the duration, frequency and intensity of the pain; precipitating and aggravating factors; dosage, effectiveness and side ef-

**2.** In addition, it should be noted that the Ninth Circuit decided *Albrecht* before the EAJA was amended in August 1985 to give section 2412(d) a "broader sweep." *Estridge,* 797 F.2d at 1457 n. 5.

**3.** After reciting the ALJ's finding that Trundle could not return to her past work, the district court stated the well-established principle that, in such cases, the burden then shifts to the Secretary to show there is other substantial gainful activity the claimant can perform. *Trundle,* 626 F.Supp. at 276. Although the court did not expressly state that the ALJ had failed to

shift the burden, a review of the ALJ's decision reveals that he did not explicity do so. This court has repeatedly held that the shift in burden of proof must be expressly recognized by the ALJ, and that failure to do so will be reversible error "unless all of the evidence is so strongly against the claimant's position that proper allocation of proof would not have changed the outcome." *Struempler v. Bowen,* 822 F.2d 40, 42 (8th Cir.1987) (citing *Allred v. Heckler,* 729 F.2d 529, 531 (8th Cir.1984)). This was not such a case.

fects of medication; and functional restrictions. *Id.*

The *Polaski* standard was clearly the law of the circuit in February 1986, when the government filed its Rule 60(b) motion attempting to defend the Secretary's decision. *See, e.g., Conley v. Bowen*, 781 F.2d 143, 146 (8th Cir.1986). Indeed, the government acknowledged that the *Polaski* standard applied, but claimed that the ALJ's evaluation of Trundle's pain was essentially made in accordance with *Polaski*, since the ALJ also relied on testimony about her daily activities, and on his personal observations of the claimant.[4] According to the government, the ALJ was justified in disbelieving Trundle's complaints because of "inconsistencies in the evidence as a whole."

It is true that, under *Polaski*, subjective complaints may be discounted if there are inconsistencies in the evidence as a whole. *Polaski*, 751 F.2d at 948. Such complaints may not, however, be discounted solely on the basis of the ALJ's personal observations. *Id.* As the district court indicated, the ALJ failed to consider Trundle's nonexertional impairment thoroughly, or to provide any legally sufficient reasons for disbelieving her complaints of pain. Nor does the ALJ's decision point out specific inconsistencies in the medical evidence, or in Trundle's testimony or activities. *Cf. Wheat v. Heckler*, 763 F.2d 1025, 1030 (8th Cir.1985) (denial of EAJA fees reversed in case where ALJ failed to articulate legitimate reasons for disbelieving subjective complaints of pain, and record lacked evidence that claimant could perform substantial gainful activity). When combined with the other deficiencies in the ALJ's decision, we question whether the government's defense of that decision had a clearly reasonable basis in law or in fact.

Furthermore, as this court has previously noted, " 'certain types of case disposi-

tions may indicate that the government action was not substantially justified. A court should look closely at cases, for example, where there has been a judgment on the pleadings, or where there is a directed verdict * * *. Such cases clearly raise the possibility that the government was unreasonable in pursuing the litigation.' " *Keasler*, 766 F.2d at 1231 (quoting H.R.Rep. No. 1418 at 11, *reprinted in* 1980 U.S.Code Cong. & Ad.News 4871 at 4889–90). The district court's disposition of this case on the pleadings, and its summary denial of the Rule 60(b) motion both suggest that the government was not substantially justified in defending the Secretary's position.

## III. CONCLUSION.

The government's argument in support of its defense of the Secretary's decision is not completely without reason, but we do not believe it so clearly reasonable or well-founded in law and fact that a denial of EAJA fees is appropriate. Nor do we find adequate the limited explanation provided by the district court for its decision to deny fees. Accordingly, we reverse the district court's denial of fees and remand for a determination of an appropriate fee award.

---

4. The ALJ stated that during the hearing, Trundle demonstrated absolutely no distress or discomfort, and showed none of "the symptoms I normally see when observing someone who is suffering severe pain or discomfort."

