Pursuant to the memorandum filed herein on this date,

IT IS HEREBY ORDERED that defendants' motion to dismiss Count XVI of plaintiffs' first amended complaint be and it is granted.

IT IS FURTHER ORDERED that defendants' motion to dismiss for lack of subject matter jurisdiction be and it is granted.

IT IS FURTHER ORDERED that plaintiffs' motion for sanctions under Rule 11 and Rule 26(g) of the Federal Rules of Civil Procedure be and it is denied.

IT IS FURTHER ORDERED that defendants' motion to dismiss for lack of personal jurisdiction and improper venue or in the alternative to transfer be and it is denied as moot.

IT IS FURTHER ORDERED that defendants' motion to strike be and it is denied as moot.

**James A. SISK, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of the Department of Health and Human Services, Defendant.**

**No. 87–0188–CV–W–5.**

United States District Court,
W.D. Missouri, W.D.

April 6, 1988.

---

**7.** Notwithstanding the foregoing, the Court commends the law firm of Bryan, Cave, McPheeters & McRoberts in its representation of Wheeler, Coleman, Handmaker, Justice and the corporations he controls. In its fine legal memoranda, it clarified and brought to light the issues before the Court. Its conduct throughout these proceedings has been exemplary and in the best tradition of professional responsibility.

Gordon Gamm, Kansas City, Mo., for plaintiff.

Robert B. Schneider, Asst. U.S. Atty., Kansas City, Mo., for defendant.

### ORDER

SCOTT O. WRIGHT, Chief Judge.

Pending before the Court is plaintiff's application for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (1985).

Under the EAJA, a "prevailing party" will be awarded attorney's fees if the position of the United States was not "substantially justified," unless special circumstances make the award unjust. 28 U.S.C. § 2412(d)(1)(A). Plaintiff James A. Sisk clearly was the prevailing party in this appeal from denial of Social Security disability benefits.

■ The test of whether the government's position is "substantially justified" is one of reasonableness. *Trundle v. Bowen*, 830 F.2d 807, 809 (8th Cir.1987). For the Secretary's position to be substantially justified, it must show that its position was "clearly reasonable, well founded in law and fact, solid though not necessarily correct." *Id., quoting United States v. 1,378.-65 Acres of Land*, 794 F.2d 1313, 1318 (8th Cir.1986). A finding that there was no substantial evidence to support the denial of an application for Social Security disability benefits does not necessarily mean that an award of attorney's fees under the EAJA is appropriate. The "substantial justification" test is a lesser standard than the "substantial evidence" test. *Jackson v. Bowen*, 807 F.2d 127, 129 (8th Cir.1986). However, the Secretary of the Social Security Administration bears the burden of proving that its position in the administrative and judicial proceedings below was "substantially justified." *Keasler v. United States*, 766 F.2d 1227, 1231 (8th Cir. 1985).

The Eighth Circuit Court of Appeals has held that EAJA attorney fees should be denied where at least one permissible view of the evidence supports the reasonableness of the government's position. *Jackson*, 807 F.2d at 130. However, this rule has no application in this case where the Appeals Council failed to properly allocate the burden of proof, rejected the ALJ's assessment of plaintiff's credibility without stating valid reasons for doing so, failed to evaluate plaintiff's subjective complaints of pain according to the well-established standards set forth in *Polaski v. Heckler*, 751 F.2d 943 (8th Cir.1984), and improperly applied the Medical–Vocational Guidelines in a case involving a nonexertional impairment, after rejecting subjective evidence of pain for legally insufficient reasons. *See Trundle*, 830 F.2d at 810–11; *Bailey v. Bowen*, 827 F.2d 368 (8th Cir.1987).

The Court concludes that the Secretary has not satisfied his burden here. Accordingly, plaintiff may recover attorney's fees under the EAJA for services rendered in connection with the judicial proceedings.

Attorney Gordon Gamm claims compensation for 54.25 hours before this Court on behalf of plaintiff, which includes four hours relating to the EAJA fee petition. The Secretary contends that a fee award is not justified in this case. However, the defendant argues that if EAJA fees are awarded, the compensation should be limited to a *rate* no higher than $75.00 per hour. The defendant also insists that the *amount* of time expended by plaintiff's attorney is excessive.

■ The fees recoverable under Section 2412(d)(1)(A) include reasonable attorneys' fees, based upon prevailing market rates, with the proviso that the fee shall not exceed $75.00 per hour *unless the Court determines that an increase in the cost of living justifies a higher fee.* 28 U.S.C. § 2412(d)(2)(A). Plaintiff has requested that this hourly rate be increased to $80.00, as a cost-of-living adjustment, while defendant contends that "the $75.00 statutory rate is a ceiling and not a floor," citing *Chipman v. Secretary of Health & Human Services,* 781 F.2d 545, 547 (6th Cir. 1986).

In *Railton v. Bowen,* 694 F.Supp. 1389 (W.D.Mo.1988), this Court rejected the position of the Sixth Circuit Court of Appeals in *Chipman,* adopting instead the reasoning of *Trichilo v. Secretary of Health and Human Services,* 823 F.2d 702, 704 (2nd Cir. 1987).

In *Trichilo,* the Court examined the legislative history of the reenactment of the EAJA in 1985 and made the following conclusions in reference to cost-of-living adjustments over the $75.00 hourly statutory fee:

> [In 1985], Congress simply put back in place the statutory scheme that had been allowed to lapse, without giving specific attention to the dollar amount used both as the ceiling on fees and as the base for adjustments for inflation. But the reenacted scheme include the cost-of-living adjustments that had to that point been authorized under the 1981 Act.

Noting that the Eighth Circuit Court of Appeals has not yet addressed the issue, this Court in *Railton* also relied on the *Trichilo* reasoning to conclude that October, 1981, was the proper date from which to measure a cost-of-living rate increase:

> Simply because the reenactment of the EAJA was effective in 1985 does not mean that the cost-of-living provision must be measured from that date. Rather, we look to the substance of what Congress actually did in 1985, which was to revive a statute and provide in so doing that it should be treated as if it

had not lapsed in the first place. While it is true that Congress could have changed the $75 figure and adopted a higher base cap to reflect the five years of inflation, its failure to do so does not indicate a desire not to provide for those years. Instead, it indicates that Congress provided for them by the alternative means of directing that § 2412(d) be effective as if it were the original statute, the terms of which did provide for increases from 1981 on.

*Trichilo,* 823 F.2d at 705–06, *quoted* in *Railton,* 694 F.Supp. at 1392–93.

In *Railton,* this Court approved an hourly rate of $88.00, based on affidavits which supported such a fee enhancement as consistent with the increase in the consumer price index. Hence, plaintiff's amended request for an hourly rate of $80.00, which includes only a $5.00 hourly cost-of-living increase, is approved.

■ The number of hours for which plaintiff seeks compensation, however, must be adjusted. Plaintiff's request, as amended, sets forth 54.25 hours as the amount of time expended on plaintiff's behalf before this Court. Even aside from the hours which are attributable to opposing the defendant's motion for relief (7.75 hours) and for preparation of the fee petition (4.0 hours), this still totals 42.5 hours, which is considerably more than the amount of time expended in similar cases before this Court. *See, e.g., Railton,* 694 F.Supp. 1389 (W.D.Mo.1988) (21.5 hours); *Sanders v. Bowen,* No. 85–4307–CV–C–5 (W.D.Mo., Dec. 17, 1987) [available on WESTLAW, 1987 WL 48213] (25.5 hours); *Miller v. Bowen,* No. 84–4170–CV–C–5 (W.D.Mo., June 1, 1987) [available on WESTLAW, 1987 WL 48214] (19.9 hours); *Melton v. Bowen,* 673 F.Supp. 353 (W.D. Mo.1987) (33.5 hours): *Murphy v. Bowen,* No. 86–4069–CV–C–5 (W.D.Mo., Nov. 20, 1986) [available on WESTLAW, 1986 WL 20959] (9.75 hours).

After having carefully reviewed Attorney Gamm's itemization of services rendered, the Court concludes that 46.75 hours is a reasonable amount of time for which plaintiff shall be awarded attorney's fees under the EAJA. This includes 35 hours of work in addition to 7.75 hours related to the Secretary's motion for relief from this

Court's Order of November 12, 1987, and 4.0 hours related to the application for fees under the EAJA.

Accordingly, it is hereby

ORDERED that plaintiff James A. Sisk shall be awarded attorney's fees in the amount of $3,740.00, which represents 46.-75 hours of work, at $80.00 per hour, plus costs, pursuant to 28 U.S.C. § 2412(a) and (b).