866 F.2d 431
 49 Fair Empl.Prac.Cas. 656
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sally KERANS and Lewis Kerans, Plaintiffs-Appellants, Cross-Appellees,
v.
PORTER PAINT COMPANY, INC., Defendant-Appellee, Cross-Appellant.
 Nos. 87-3988, 87-4016.
 United States Court of Appeals, Sixth Circuit.
 Jan. 24, 1989.
 
 Before KEITH, KENNEDY and MILBURN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiffs, Sally Kerans ("Kerans") and her husband Lewis Kerans, appeal from the order of the district court imposing sanctions pursuant to Fed.R.Civ.P. 11. Defendant, Porter Paint Company, Inc. ("Porter Paint"), cross-appeals from the district court's denial of attorney fees under 42 U.S.C. Sec. 1988 ("Sec. 1988"). For the reasons discussed below, we AFFIRM.
 
 I.
 
 2
 The Kerans filed the initial action against Porter Paint on August 21, 1986, alleging violations of 42 U.S.C. 2000e ("Title VII"), 42 U.S.C. Sec. 1983 ("Sec. 1983") and 42 U.S.C. Sec. 1985 ("Sec. 1985") and several pendent state claims including the lost of consortium. In her original complaint, Kerans, a decorator employed by Porter Paint, alleged that she had been sexually harassed and assaulted by her supervisor, Al Levine; and that Porter Paint had tolerated his conduct for many years. In response, Porter Paint filed a motion to dismiss or in the alternative a motion for summary judgment. On March 16, 1987, judgment for Porter Paint was granted. There was no appeal.
 
 
 3
 Three months later Porter Paint filed a motion for attorney fees pursuant to Rule 11 and Sec. 1988. In granting Porter's motion, the district court assessed $1,000 in attorney fees against Kerans and her lawyer. However, the district court refused to award fees under Sec. 1988. Kerans appeals and Porter Paint cross-appeals.
 
 
 4
 The primary questions on appeal are whether the district court abused its discretion by imposing Rule 11 sanctions and assessing attorney fees in the amount of $1,000 to be paid to defense counsel; and whether the district court erred by failing to award attorney fees under Sec. 1988.
 
 II.
 
 5
 Kerans raised three federal causes of action. The district court found that all three were without merit and subsequently imposed sanctions pursuant to Rule 11. Rule 11, provides in pertinent part:
 
 
 6
 Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated ... The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper, that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existed law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion or other paper including a reasonable attorney's fees.
 
 
 7
 Under the 1983 amendments to Rule 11, sanctions must be imposed if the district court finds that the Rule was violated. The current standard of review is whether counsel's conduct was reasonable under the circumstances and not the original standard of whether counsel established a "good faith" showing. Accordingly, there is no Rule 11 violation if an appellant can demonstrate "that the district court abused its discretion in finding that his conduct was not reasonable under the circumstances." Century Prods. Inc. v. Sutter, 837 F.2d 247, 250 (6th Cir.1988) (citations omitted).
 
 
 8
 In Century, this court discussed the relevant factors necessary to determine whether counsel's conduct was reasonable under the circumstances.
 
 
 9
 What constitutes a reasonable inquiry may depend on such factors as the time available to the signor for investigation; whether the signor had to rely on a client for information as to the facts underlying the pleading, motion, or other paper; whether the pleading, motion, or other paper was based on a plausible view of the law; or whether the signor depended on forwarding counsel or another member of the bar. Although a district court is given wide discretion in deciding whether counsel have acted reasonably under the circumstances " 'the court is expected to avoid using the wisdom of hindsight and should test the signor's conduct by inquiring what was reasonable to believe at the time the pleading, motion or other paper was submitted.' " The conduct of counsel that is the subject of sanctions must be measured by an objective standard of reasonableness under the circumstances. (citations omitted) (emphasis added).
 
 
 10
 Id. at 250-51. On appeal, Kerans alleged that there was no Rule 11 violation[1], and that the district court should not have imposed Rule 11 sanctions. We disagree for the reasons set forth below.
 
 A. TITLE VII
 
 11
 The jurisdictional prerequisites that must be met before a district court can exercise subject matter jurisdiction are clear. To maintain an action under Title VII, a plaintiff must first file a complaint with the Equal Employment Opportunity Commission ("EEOC") and receive a right to sue letter before bringing a Title VII cause of action in federal court. Alexander v. Gardner-Denver Co., 415 U.S. 36, 47 (1974); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798 (1973).
 
 
 12
 During the course of this law suit Kerans has had three lawyers. The first lawyer she hired was the law partner to Levine's brother. When she discovered this she hired another attorney who only suggested that she write a letter to Porter Paint describing the events of the harassment. Meanwhile, by the time she had retained the third attorney the statute of limitations had run on filing a sexual harassment claim with the EEOC. Courts have consistently held that a plaintiff must exhaust her administrative remedies before bringing a Title VII action in federal court. See e.g., Parsons v. Yellow Freight System, Inc., 741 F.2d 871 (6th Cir.1984). Although the injury Kerans alleges she suffered was egregious, sexual harassment complicated by poor and inadequate legal advice, the procedural requirements of Title VII can not be excused. Counsel may not avoid Rule 11 sanctions by blaming his errors on the incompetence of his predecessors or by arguing that he harbors a "sincere feeling" that a valid claim exists.
 
 
 13
 Rule 11 requires counsel to study the law before representing its contents to a federal court. An empty head but a pure heart is no defense. The Rule requires counsel to read and consider before litigating ... It is not acceptable to make an assertion of law and hope that it will turn out to be true.
 
 
 14
 Thorton v. Wahl, 787 F.2d 1151, 1154 (7th Cir.1986). Accordingly, the district court did not err by imposing Rule 11 sanctions.
 
 B. 42 U.S.C. Sec. 1983
 
 15
 Section 1983 requires a plaintiff to demonstrate that the defendant has deprived her of a constitutionally protected right and that the deprivation has occurred under "color of state law." Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155 (1978). To hold a private individual liable for unconstitutional acts, a plaintiff must establish that the conduct complained of can be attributed to the state. Kerans alleges that Porter Paint was acting under "color of state law" because they were licensed by the State of Ohio. However, it is a well recognized principle that "state action" cannot be shown by mere state regulation. See e.g., Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974). "A complaining party must demonstrate a sufficient nexus between the challenged action and the regulatory scheme alleged to be the the impetus behind the private action." Crowder v. Conlan, 740 F.2d 447, 451 (6th Cir.1984). No such nexus exists in this case. In the absence of such a showing, raising a Sec. 1983 claim was unreasonable under these circumstances and was not supported by existing law nor was a good faith argument offered for an extension, modification or reversal of existing law. See, Crowder v. Conlan, 740 F.2d 447 (6th Cir.1984). The district court, therefore, did not abuse its discretion.
 
 C. 42 U.S.C. Sec. 1985(3)
 
 16
 Kerans third federal claim alleges that Levine and Porter Paint conspired to deprive her of her constitutional rights. However, as a matter of law, Kerans can not prevail under Sec. 1985. To maintain a cause of action under Sec. 1985, a plaintiff must:
 
 
 17
 allege that the defendants did 1) "conspire or go on the highway or on the premises of another" 2) "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." [She] must then assert that one or more of the conspirators 3) did, or caused to be done, "any act in furtherance of the object of [the] conspiracy," whereby another was "injured in his person or property" or "deprived of having and exercising any right or privilege of a citizen of the United States."
 
 
 18
 Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). There was no such conspiracy between Porter Paint and Levine. This court has held that under the Civil Rights Act allegations of conspiracy between a corporation and its employees are precluded because "there is no conspiracy if the conspiratorial conduct challenged is essentially a single act by a single corporation acting exclusively through its own directors, officers, and employees, each acting through the scope of his employment." Doherty v. Americam Motors Corp., 728 F.2d 334, 339 (6th Cir.1984).
 
 
 19
 The law of conspiracy requires at least two guilty minds. Generally, the conduct of an employee or agent acting within the scope of his employment is always imputed to the corporation; however a corporation can not conspire with itself. Id. Similarly, Porter Paint, the corporation can not conspire with its employee, Al Levine, to deprive another of her constitutional rights. Therefore, no conspiracy existed and, as a matter of law, the district court was required to dismiss this claim.
 
 III.
 
 20
 Kerans argues that even if her attorney violated Rule 11, awarding attorney fees was not justified because Porter Paint's motion requesting sanctions was not filed according to the established practice of the district court judge.[2] Kerans alleges that the district court judge ignored his own rules by allowing Porter Paint to file its motion for sanctions after the deadline[3] and therefore abused his discretion. The rules Kerans relies on are not even the local rules of the court but rather a practice of Judge Rubin. We agree with the Eighth Circuit "that it is for the district court to determine what departures from its local rules of practice may be overlooked." Trundle v. Bowen, 830 F.2d 807, 809 (8th Cir.1987). If a rule adopted by the district court court as a whole may be overlooked, we cannot say that it is error to overlook a guideline promulgated by a single district court judge for use in his court alone. Accordingly, we find that Judge Rubin did not abuse his discretion by waiving his own practices and awarding attorney fees in the amount of $1,000.
 
 IV.
 
 21
 As mentioned above, in Rule 11 cases, an appellant will prevail if the district court abused its discretion in finding that appellant's conduct was unreasonable under the circumstances. A court must objectively evaluate the conduct of the parties and their lawyers during the filing and litigation of cases. If the conduct of either party is unreasonable under the circumstances, the district court is required to impose sanctions pursuant to Rule 11.
 
 
 22
 There is no evidence in this case to suggest that Kerans' conduct was unreasonable under the circumstances. She was injured and sought redress through the judicial system. Kerans presented the factual situation to counsel and was not responsible for the legal theories counsel chose to pursue; therefore, Kerans should not be penalized for the incompetence of counsel. Accordingly, we find that because Kerans' conduct did not violate Rule 11, the district court abused its discretion when it assessed an award of $1000 against Kerans; therefore we hold that the penalty shall be assessed against counsel only.
 
 V.
 
 23
 On cross-appeal, Porter Paint contends that the district court erred by failing to award attorney fees pursuant to 42 U.S.C. Sec. 1988. In a civil rights suit, a successful defendant may recover attorney fees under Sec. 1988 if the plaintiff has acted frivolously, unreasonably, vexatiously, in bad faith or has filed a meritless claim. Huges v. Rowe, 449 U.S. 5 (1980); Christianburg Garment Co. v. EEOC, 434 U.S. 412 (1978). The district court found that Kerans' claim was "devoid of legal foundation and without merit."
 
 
 24
 However, we note that a conclusion that the elements for awarding attorney fees exist is not, by itself, sufficient to justify the award of actual fees. The Supreme Court held that "[t]he party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where documentation is inadequate, the district court may reduce the award accordingly." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). See also, Northcross v. School Board of Memphis, 611 F.2d 624 (6th Cir.1979) (district court must make findings determining the number of hours attorneys have expended, which should take into account affidavits of counsel). In this case, the documentation was not only inadequate, it was non-existent; therefore there was no basis for awarding attorney fees.
 
 As noted in Judge Rubin's order:
 
 25
 It is the law of this circuit that a finding of a violation of Rule 11 requires the imposition of sanction, but allows the type of sanction to be within the discretion of the District Court. It should be pointed out that the rationale of Northcross is not required for the imposition of sanctions under Rule 11. (citations omitted)
 
 
 26
 We read this to mean that under Rule 11, unlike Sec. 1988, the district court need not follow calculating procedures supported by documentation from the prevailing party as provided by Northcross. However, the converse is equally true. Absent documentation of a request for fees under Sec. 1988, as opposed to Rule 11, parties must provide some basis for determining the amount. Accordingly, we find the district court did not abuse its discretion by denying Porter Paint's request for attorney fees under Sec. 1988.
 
 
 27
 We therefore AFFIRM the district court's decision to impose Rule 11 sanctions and award attorney fees against Kerans' counsel, we REVERSE the imposition of sanctions against Kerans personally, and AFFIRM the district court's decision to deny Porter Paint's cross-appeal.
 
 
 
 [1]
 Counsel for Kerans argues, that unlike the attorney in Albright v. UpJohn, 788 F.2d 1217 (6th Cir.1986), he did not fail to reasonably investigate the facts prior to filing. This argument is irrelevant since the facts are not in dispute. Moreover, Albright also recognizes that an unreasonable inquiry into the law is also violative of Rule 11. Counsel argues, that he conducted an adequate inquiry into the legal theories supporting the federal claims. However, as shown below, even a cursory examination would have revealed that his claims were unsupportable
 
 
 [2]
 District Court Judge Rubin sent a pamphlet titled "Instructions for Trial Preparation in the Court of Carl B. Rubin, Chief Judge United States District Court for the Southern District of Ohio" to both attorneys in this case. The last section specifically addresses the awarding of attorney fees. Judge Rubin's guidelines required that a request for fees be submitted 30 days after the final order of the court and accompanied by an accounting of the expenses. Porter Paint did not comply with either guideline
 
 
 [3]
 The final order was filed on March 16, 1987. Porter Paint did not file its motion for attorney fees until June 3, 1987