**Jerry L. POPE, Appellant,**

v.

**Otis BOWEN, Secretary of Health and Human Services of the United States, Appellee.**

**No. 88–2622.**

United States Court of Appeals, Eighth Circuit.

Submitted May 8, 1989.

Decided Oct. 4, 1989.

Max Schott, Des Moines, Iowa, for appellant.

Richard L. Richards, Des Moines, Iowa, for appellee.

Before JOHN R. GIBSON and MAGILL, Circuit Judges, and HEANEY, Senior Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Jerry L. Pope appeals from the judgment of the district court entered in favor of the Secretary of the Department of Health and Human Services denying him disability insurance and supplemental security income benefits under the Social Security Act, 42 U.S.C. §§ 423, 1381a (1982). The administrative law judge found that Pope had not engaged in substantial gainful activity since December 9, 1985 and that he was unable to perform his past relevant work.

The ALJ concluded, however, that Pope did retain the residual functional capacity to perform sedentary work. Based on this finding, the ALJ denied benefits to Pope and the denial was affirmed by the district court. On appeal, Pope asserts that the ALJ failed to recognize the shift of the burden of proof to the Secretary after finding that Pope could not resume his regular work. Pope also asserts that substantial evidence does not support the Secretary's determination that he can perform a full range of sedentary work but rather substantial evidence establishes that he does not have such capability and therefore it is error to rely on the Medical–Vocational Guidelines. We reverse and·remand to the Secretary for further consideration.

## I.

Pope, now forty-five years old, has a history of heart disease which first became evident in June or July 1982. On April 26, 1985, quadruple coronary artery bypass surgery was performed on him. On December 16, 1985, Pope applied for disability benefits and supplemental security income with the Secretary of the Department of Health and Human Services. The Secretary denied benefits to Pope and a hearing before an ALJ followed on October 22, 1986. The ALJ concluded that Pope was not entitled to benefits, and Pope subsequently requested review by the Appeals Council of the Social Security Administration. The Appeals Council noted that although the ALJ did not explicitly state that the burden of proof had shifted because of Pope's inability to perform his past work, the ALJ nevertheless met his burden of proof by correctly utilizing the Medical–Vocational Guidelines, 20 C.F.R. pt. 404, subpt. P, app. 2. The Appeals Council denied Pope's request for review which made the ALJ's decision the final decision of the Secretary. Pope appealed the Secretary's decision to the district court under 42 U.S.C. § 405(g). The district court held that the outcome of the case was clear regardless of who bore the burden of proof and therefore denied Pope's claim for benefits. This appeal followed. Our task is to determine whether the Secretary's decision is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g).

At the hearing before the ALJ, Pope presented evidence of the medical opinion of his treating physician, Dr. Martin Aronow. The ALJ found that Dr. Aronow was not entirely consistent in his opinion of Pope's disability status. On two occasions, January 9, 1986 and April 2, 1986, Dr. Aronow stated that Pope was totally disabled. On December 13, 1985, however, on the date of Pope's treadmill stress test, he found that Pope demonstrated a normal physical work capacity with no significant arrhythmia, unremarkable EKG, and no ischemic lesion identified with submaximal stress. The ALJ also noted that Dr. Aronow's subsequent opinion of disability was not supported by the findings of the Cardiac Surgery Associates. In a letter dated January 13, 1986, based on a June 10, 1985 examination, the Cardiac Surgery Associates, of which Pope's surgeon, Dr. Richard Toon is a member, stated that Pope was walking over two miles per day without difficulty and that there were no long term limitations imposed on his activities.

The ALJ found that Pope was a credible witness who testified openly and candidly about his condition. The ALJ acknowledged Pope's allegation of constant pressure in his chest and his claim that he started to experience angina when he became active. He further recognized Pope's testimony that he could walk 200 feet without chest discomfort, stand four to five minutes, use his hands and arms, although not repetitively, lift five to ten pounds without problem, and sit without problem. The ALJ found that these restrictions would not preclude sedentary work.

The ALJ found that Pope had not engaged in substantial gainful activity since December 9, 1985 and was unable to perform his past relevant work as fire inspector, safety inspector, police officer or security supervisor. The ALJ found, however, that Pope had the residual functional capacity to satisfy the physical exertion requirements of work except for prolonged walking and standing, repeated bending, and lifting weights in excess of ten pounds.

The ALJ determined that Pope retained the residual functional capacity to perform the full range of sedentary work and concluded that he was not disabled.

## II.

Pope asserts as error the ALJ's failure to expressly recognize that the burden of proof shifts to the Secretary upon a finding that he could not perform his past work. The Secretary concedes that the ALJ did not expressly recognize the burden shift and acknowledges that our holdings require such a burden shift. Relying on *Kirksey v. Heckler*, 808 F.2d 690, 692–93 (8th Cir.1987), the Secretary urges this court, however, to affirm the ALJ's decision if there is evidence on the record as a whole to demonstrate that there is other gainful work in the national economy that is available to him. The Secretary also offered Pope's own testimony that he could walk 200 feet, stand four to five minutes, lift five to ten pounds, and sit without problem as evidence that he is capable of performing sedentary work.

█ As the Secretary recognizes, we have frequently declared that the ALJ must expressly acknowledge the shift in the burden of proof and if the ALJ does not do so, we will not assume that the ALJ implicitly shifted the burden of proof. This failure to shift the burden of proof constitutes reversible error unless all of the evidence is so strongly against the claimant's position that a proper allocation of the burden of proof would not have changed the outcome. *Struempler v. Bowen*, 822 F.2d 40, 41–42 (8th Cir.1987). *See Butler v. Secretary of Health & Human Services*, 850 F.2d 425, 426 (8th Cir.1988); *Wolfe v. Heckler*, 741 F.2d 1084, 1086 (8th Cir.1984).

█ Upon examining the record before us, we cannot conclude that the evidence is so strongly against Pope's position that a proper allocation of the burden of proof would not have changed the outcome. *Struempler*, 822 F.2d at 42. Dr. Aronow, Pope's treating physician since 1983, found Pope to be totally disabled from any work. Dr. Toon, Pope's surgeon for the quadruple bypass surgery, referring to Pope's symp-tomatology, stated that Pope should be considered medically disabled. The ALJ found Dr. Aronow's opinions to contain inconsistencies primarily because of a treadmill stress test dated December 13, 1985 from which Dr. Aronow concluded that Pope had normal physical work capacity. In addition, the ALJ relied on the findings of the Cardiac Surgery Associates in a letter dated January 13, 1986 to hold that Pope was not disabled.

The record contains other evidence, however, which minimizes the effect of these inconsistencies. The report from Cardiac Surgery Associates which states that Pope was walking over two miles per day without difficulty and with no long term limitations imposed on his activities, although dated January 13, 1986, was actually based on a June 10, 1985 examination. In addition, this report specifically referred the disability determination personnel to Dr. Aronow, as Pope's personal physician, for more recent evaluation of Pope's condition. In a report dated December 11, 1985, Dr. Toon of the Cardiac Surgery Associates stated that Pope had done well until two weeks earlier when Pope again noticed the onset of angina pains and that Pope was able to last only one minute on the treadmill. He further stated that the left anterior descending artery was heavily diseased as it had been at the time of surgery. Dr. Toon recommended medical therapy and indicated that if therapy was not successful, repeat surgery should be considered.

While Dr. Aronow expressed an opinion based on the December 13, 1985 treadmill test that Pope demonstrated a normal physical work capacity, he also stated that the treadmill test was inconclusive one day later, on December 14, 1985. In his letter dated January 9, 1986, Dr. Aronow reported that Pope had not had a good result from his bypass surgery, continued to be very symptomatic in spite of medications, and was at risk for myocardioinfarction in the future. Dr. Aronow stated that, considering Pope's age, he would probably require a second bypass procedure in the future, although it should be delayed as long as possible. He also reported that

Pope was experiencing angina with minimal physical activity in spite of medications. Dr. Aronow concluded that he should be considered completely and totally disabled for all types of work now and in the future.

Under these circumstances, the ALJ's rationale for discrediting Dr. Aronow's opinion is not based upon substantial evidence on the record as a whole. This state of the record prevents us from concluding that the evidence presented is so strongly against Pope's position that a proper allocation of the burden of proof would not have changed the outcome. Accordingly, we must remand to the Secretary for further consideration with a clear acceptance of the burden shift.

### III.

We further observe that the Secretary should carefully consider the regulations defining residual functional capacity upon remand. In particular, the Secretary must establish that there is substantial evidence which supports a finding that the claimant can perform the requisite physical acts "day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world." *McCoy v. Schweiker*, 683 F.2d 1138, 1147 (8th Cir.1982) (en banc). We seriously question whether the Secretary gave sufficient consideration to Pope's testimony, which the ALJ found to be open and candid, concerning his non-exertional limitations. Pope testified that he had constant pressure in his chest area under the sternum and that even very limited physical exertion caused increased chest pain which radiated into his left arm and jaw. Due to the pain, Pope stated that he could not walk further than 200 feet, bend or stoop, stand longer than five minutes, lift weight in excess of five or ten pounds, and was limited in the repetitious use of his hands and arms. These factors are relevant in determining whether Pope has a disability, as evidenced by the regulation requiring the Secretary to assess the claimant's "ability to do physical activities such as walking, standing, lifting, carrying, pushing, pulling, reaching, handling and * * * other physical functions." 20 C.F.R. §§ 404.-1545(b), 416.945(b). Pope's testimony as to his limitations in walking and standing is particularly relevant because a certain amount of walking and standing is often necessary to perform sedentary work. 20 C.F.R. §§ 404.1567(a), 416.967(a).

Finally, we observe that the testimony of the treating physician, Dr. Aronow, must be accorded its proper weight upon remand. To reject the opinion of the treating physician, the Secretary must establish that there is substantial evidence on the record as a whole which leads to such a result. *Ward v. Heckler*, 786 F.2d 844, 846–47 (8th Cir.1986).

We reverse and remand to the Secretary for further proceedings consistent with this opinion.