**Norman L. DUNCAN, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

No. N89–0033C.

United States District Court, E.D. Missouri, N.D.

Dec. 11, 1991.

Timothy C. Harlan, Columbia, Mo., for plaintiff.

Edwin B. Brzezinski, Asst. U.S. Atty., St. Louis, Mo., for defendant.

## MEMORANDUM AND ORDER

GUNN, District Judge.

This matter is before the Court on plaintiff's motion for an award of attorneys' fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 and defendant's response thereto. On the basis of the reasoning set forth below, plaintiff's motion will be denied.

On August 21, 1987 plaintiff was notified of the discontinuation of disability benefits which had been awarded to him beginning in March of 1985. Thereafter plaintiff applied for continuation of the period of disability and of his disability insurance benefits. His application was denied initially, upon reconsideration, after a hearing and after an appeal to the Appeals Council. On March 3, 1989 plaintiff sought review of the administrative determination in this Court. Thereafter plaintiff filed a motion for summary judgment. Defendant then filed a motion to remand the matter to the Secretary for a supplemental hearing, the solicitation of vocational expert testimony and evaluation by a neurosurgeon. Plaintiff opposed the motion but the Court ultimately granted the motion concluding that outright reversal was not warranted. On remand the Secretary awarded plaintiff benefits concluding that the plaintiff's condition had improved but that the improvement was not related to plaintiff's ability to work. Plaintiff now seeks an award of attorneys' fees contending that the administrative law judge's failure to develop the medical record in the case and improper assessment of the evidence of disability mandate a determination that the Secretary's position was not substantially justified. Defendant asserts that its position was substantially justified because it sought remand when it became apparent that the administrative law judge (ALJ) may not have fully considered the effect of plaintiff's non-exertional impairments or adequately developed the record in the case.

Pursuant to the EAJA a prevailing party is entitled to an award of attorneys' fees "unless the court finds that the position of the United States was substantially justified...." 28 U.S.C. § 2412(d)(1)(A). A disability benefit claimant is a prevailing party if the claimant ultimately obtains the benefit originally sought on appeal to the district court. *See Swedberg v. Bowen*, 804 F.2d. 432, 434 (8th Cir.1986). The fact that a plaintiff obtains the benefits on remand does not deprive him of prevailing party status unless the award results "solely" as a result of an intervening event. *See, e.g., Truax v. Bowen*, 842 F.2d 995, 997 (8th Cir.1988). No such intervening event was responsible for the award in this case.

Inasmuch as plaintiff obtained on remand the benefits originally sought on appeal to the district court, he is a prevailing party for purposes of the EAJA.

The government bears the burden of demonstrating that its position was substantially justified and may satisfy this burden by showing that its position was "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). Put another way, the government is required to show that its position was "clearly reasonable, well founded in law and fact, solid though not necessarily correct." *Kelly v. Bowen*, 862

F.2d 1333, 1337 (8th Cir.1988) (citation omitted). The Court's review of the record persuades it that the government's position in this case was substantially justified. The government recognized the validity of plaintiff's assertion that the ALJ improperly relied on the medical vocational guidelines, relied too heavily on the testimony of a non-examining physician and failed to obtain vocational expert testimony. The government did not persist in defending the ALJ's actions in the face of plaintiff's assertions. *Cf. Trundle v. Bowen,* 830 F.2d 807, 811 (8th Cir.1987). Moreover, at the time of the filing of the government's motion to remand, the record in the case did not unequivocally demonstrate the presence of a disability. Had it done so, the Court would have reversed the ALJ's determination outright. On remand the augmented record and application of the medical vocational guidelines might have supported the ALJ's initial decision to deny benefits. Therefore, the government's position was not unreasonable. In light of the Court's conclusion that the government's position was substantially justified, IT IS HEREBY ORDERED that plaintiff's motion for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, shall be and it is denied.