976 F.2d 735
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Francis K. FONG, Plaintiff-Appellant,
v.
PURDUE UNIVERSITY, an Indiana State University, Kenneth
Kliewer, Dean of the School of Science and Varro
E. Tyler, Executive Vice President for
Academic Affairs, Defendants-Appellees.
 Nos. 91-1160, 91-1547 and 91-1722.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 10, 1992.*
Decided Sept. 18, 1992.
 
 Before CUMMINGS, POSNER and MANION, Circuit Judges.
 
 ORDER
 
 1
 Dr. Francis K. Fong brought this civil rights action seeking to enjoin officials of Purdue University from dismissing him from his tenured position in the chemistry department in violation of his rights to due process and free speech under the First and Fourteenth Amendments. Following a hearing, the district judge concluded that there was no basis for the granting of preliminary injunctive relief, Fong v. Purdue University, 692 F.Supp. 930 (N.D.Ind.1988), and Dr. Fong appealed. During the pendency of his appeal, Purdue discharged Dr. Fong. He thereafter moved to voluntarily dismiss his appeal on the ground that the discharge made it moot. This court agreed and granted a dismissal with prejudice, Fong v. Purdue University, No. 88-2794 (7th Cir. Apr. 26, 1989) (unpublished), after which the case returned to the district judge for a ruling on Dr. Fong's request for a permanent injunction. These consolidated appeals follow the district judge's grant of summary judgment in favor of the defendants and his denial of permanent injunctive relief.**
 
 
 2
 Dr. Fong contends that the judgment of the district judge was erroneous because (a) it gave this court's dismissal of his appeal law of the case effect; (b) it was based on the record established at the preliminary injunction hearing; (c) the defendants failed to comply with Local Rule 11*** and show their entitlement to summary judgment; (d) genuine issues of material fact existed; and, (e) he was denied the right to conduct discovery.
 
 
 3
 The record belies the first two points of error. True, the dismissal of Dr. Fong's appeal did not trigger law of the case consequences, Miller Brewing Co. v. Jos. Schlitz Brewing Co., 605 F.2d 990, 995 (7th Cir.1979), cert. denied, 444 U.S. 1102 (1980); Berrigan v. Sigler, 499 F.2d 514, 518 & n. 11 (D.C.Cir.1974); 18 C. Wright, E. Cooper & A. Miller, Federal Practice and Procedure, § 4478, at 798 & n. 31 (1981), but the district judge's order fairly indicates that he gave judgment for the defendants on the merits of the case and not on the grounds of collateral estoppel. That the judge did so on the basis of the record available at the preliminary injunction stage was not an error so long as Dr. Fong had notice of his need to respond to the defendants' motion for summary judgment, as required by Lewis v. Faulkner, 689 F.2d 100, 1092 (7th Cir.1982), which he did. Timms v. Frank, 953 F.2d 281, 285 (7th Cir.), cert. denied, 112 S.Ct. 2307 (1992).
 
 
 4
 As for the defendants' alleged noncompliance with Local Rule 11, the district judge had the power to overlook it, and we will not upset his decision to bend the rule. Max M. v. New Trier High School Dist. No. 203, 859 F.2d 1297, 1300-01 (7th Cir.1988); see also Somlyo v. J. Lu-Rob Enterprises, Inc., 932 F.2d 1043, 1048-49 (2d Cir.1991); Guam Sasaki Corp. v. Diana's Inc., 881 F.2d 713, 715 (9th Cir.1989); Trundle v. Bowen, 830 F.2d 807, 809 (8th Cir.1987).
 
 
 5
 Dr. Fong argues that genuine issues of material fact existed precluding summary judgment, but provides no tangible support for this argument. Our de novo review of the record reveals that Dr. Fong was afforded all the process due him, see Board of Regents v. Roth, 408 U.S. 564, 576 (1972) (citing Slochower v. Board of Higher Educ., 350 U.S. 551, 559 (1956)); Yatvin v. Madison Metro. School Dist., 840 F.2d 412, 416 (7th Cir.1988); the bulk of his speech did not address matters of public concern, see Connick v. Meyers, 461 U.S. 138, 147-48 (1983); and his protected speech was not a substantial or motivating factor in Purdue's decision to dismiss him, see Mt. Healthy City Board of Educ. v. Doyle, 429 U.S. 274, 287 (1977). Dr. Fong cannot avoid this result by complaining on appeal that he had no time to conduct discovery. His failure to ask for a continuance for additional discovery under Fed.R.Civ.P. 56(f) precludes reversal of the summary judgment entered against him. Chicago Florsheim Shoe Store Co. v. Cluett, Peabody & Co., 826 F.2d 725, 727 (7th Cir.1987); Goldberg v. Household Bank, F.S.B., 890 F.2d 965, 968 (7th Cir.1989).
 
 
 6
 Dr. Fong also argues that the district judge abused his discretion in denying the Rule 60(b) motion for "fraud on the court." Fraud on the court involves "corruption of the judicial process itself," Matter of Met-L-Wood Corp., 861 F.2d 1012, 1018 (7th Cir.1988), cert. denied, 490 U.S. 1006 (1989); Matter of Whitney-Forbes, Inc., 770 F.2d 692, 698 (7th Cir.1985), and no such conduct was present here. Nor was there abuse in the district judge's failure to make factual findings in disposing of the Rule 60(b) motion. Rule 52 simply does not require them. Fed.R.Civ.P. 52(a); Delzona Corp. v. Sacks, 265 F.2d 157, 159 (3d Cir.1959); 7 Moore's Federal Practice p 60.28 at 60-325 (1990).
 
 
 7
 As a final matter, the Appellees have requested that we issue an order enjoining Dr. Fong from filing further pleadings relating to his dismissal from Purdue. On review of the record, we conclude that such an order is an appropriate way of dealing with a litigant like Dr. Fong who continues to press frivolous litigation and who stoutly refuses to accept the legitimacy of the rulings against him. See In re Davis, 878 F.2d 211, 212-13 (7th Cir.1989); Lysiak v. Comm'r of Internal Revenue, 816 F.2d 311, 313 (7th Cir.1987); Green v. Warden, U.S. Penitentiary, 699 F.2d 364, 367 (7th Cir.), cert. denied, 461 U.S. 960 (1983).
 
 
 8
 Accordingly, it is ORDERED that Dr. Fong obtain leave of court before filing any civil action in the district court of this Circuit or any petition or appeal in this Court. In seeking leave of court, Dr. Fong must certify that the claims he raises are not frivolous, and that they have not been raised and disposed of on the merits by any federal court. Dr. Fong's failure to certify his pleadings will be grounds for denial of leave of court.
 
 
 9
 The judgment of the district court is AFFIRMED. Dr. Fong's "Motion to Strike Brief and Appendix of Appellees" is DENIED. The clerk of this Court shall accept no further filings from Dr. Fong in these consolidated appeals.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 **
 Appeal No. 91-1160 concerns the district judge's order entered on November 27, 1990 denying Dr. Fong's renewed request for a preliminary injunction. Appeal No. 91-1547 concerns the orders entered on February 12 and 20, 1991 denying Dr. Fong's request for a permanent injunction and for relief under Fed.R.Civ.P. 60(b). Appeal No. 91-1722 concerns the order entered on February 25, 1991 assessing $2,748 in costs against Dr. Fong. In his brief, Dr. Fong limits his arguments to the February 12 and 20, 1991 orders. (Brief at 12)
 
 
 ***
 Local Rule 11 provides, in part, that "there shall be served and filed with each motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, a statement of material facts as to which the moving party contends there is no genuine issue, proposed conclusions of law, and a proposed summary judgment. Any party opposing the motion shall, within fifteen (15) days from the date such motion is served upon him, serve and file any affidavits or other documentary material controverting the movant's position, together with an answer brief and a concise 'statement of genuine issues' setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated."