**Albert JACKSON, Appellant,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Appellee.**

No. 86–1423.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 3, 1986.

Decided Dec. 15, 1986.

C. Norton Bray, Pine Bluff, Ark., for appellant.

Karen J. Behner, Dallas, Tex., for appellee.

Before HEANEY, WOLLMAN, and MAGILL, Circuit Judges.

PER CURIAM.

Albert Jackson appeals from a district court[1] order denying his motion for an award of attorney's fees under 28 U.S.C.A. § 2412 (West Supp.1986) (Equal Access to Justice Act (EAJA)). We affirm.

## I. BACKGROUND

Jackson, who suffers from a seizure disorder, filed for disability benefits. His claim denied, Jackson sought judicial review of the Secretary's denial. Following Jackson's motion for summary judgment, which the Secretary did not oppose, the district court granted him disability benefits.

Jackson's attorney subsequently filed a petition for attorney's fees, which the Secretary did not oppose. Although no specific statute was cited as authority for a fee award, the language of the petition paralleled the language contained in the EAJA.[2] The district court entered two orders, one allowing fees under 42 U.S.C. § 406(b)(1) (1982), and the other disallowing fees under the EAJA. The district court denied Jackson's attorney's motion for a rehearing on the issue of attorney's fees under the EAJA, and this appeal followed.

## II. DISCUSSION

Under the EAJA, a prevailing party shall be awarded attorney's fees if the government's position is not substantially justified, unless special circumstances make the award unjust.[3] 28 U.S.C.A. § 2412(d)(1)(A) (West Supp.1986).[4] The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified. *Keasler v. United States*, 766 F.2d 1227, 1231 (8th Cir.1985) (in Eighth Circuit, "government's position" includes positions at both prelitigation and litigation stages). Nevertheless, the district court's judgment denying an award under the EAJA is not to be disturbed on appeal unless it constitutes an abuse of discretion. *Id. Derickson Co. v. NLRB*, 774 F.2d 229, 232 (8th Cir.1985).

For the Secretary's position to be substantially justified, the Secretary must show that the position was "clearly reasonable, well founded in law and fact, solid though not necessarily correct." *United States v. 1,378.65 Acres of Land*, 794 F.2d 1313, 1318 (8th Cir.1986) (footnote omitted). *See Iowa Express Distributors, Inc. v. NLRB*, 739 F.2d 1305, 1308 (8th Cir.) (government must show a reasonable basis in facts alleged and legal theory advanced and a reasonable connection between facts and legal theory), *cert. denied*, 469 U.S. 1088, 105 S.Ct. 595, 83 L.Ed.2d 704 (1984). A finding that there was no substantial

1. The Honorable Garnett Thomas Eisele, Chief Judge for the United States District Court, Eastern District of Arkansas.

2. Additionally, the motion for summary judgment had contained a prayer for attorney's fees and cited the EAJA.

3. The special circumstances exception helps to ensure that the government can advance in good faith novel but credible interpretations of law. *Keasler v. United States*, 766 F.2d 1227, 1231 n. 8 (8th Cir.1985) (citing H.R.Rep. No. 1418, 96th Cong., 2d Sess. 11, *reprinted in* 1980 U.S.Code Cong. & Admin.News 4953, 4990). The Secretary has not argued this ground on appeal.

4. The court has discretionary authority to award fees to a prevailing party under 28 U.S.C.A. § 2412(b) (West Supp.1986). This section does not require the showing of substantial justification. *See Id.*

evidence to support the Secretary's decision to deny an application does not necessarily mean an award of attorney's fees is appropriate. *United States v. 1,378.65 Acres of Land,* 794 F.2d at 1318 n. 3 (substantial justification standard is a lesser standard than substantial evidence standard) (citing 131 Cong.Rec. H4763 (daily ed. June 24, 1985) (statement of Congressman Kindness)); [5] *Herron v. Bowen,* 788 F.2d 1127, 1130 (5th Cir.1986). *Cf. Keasler,* 766 F.2d at 1231 (fact that Secretary lost case before district court does not mean the Secretary's position was without substantial justification).

■ The Secretary's failure to oppose the petition for fees does not preclude a denial of a fee award under the EAJA. *Campbell v. Bowen,* 800 F.2d 1247, 1249 (4th Cir.1986). On the other hand, cases in which summary judgment are granted are ones for which it seems Congress envisioned the fee award could be justified; they raise the possibility that the government's position was unreasonable. *Keasler,* 766 F.2d at 1231.

The Secretary urges that its position was justified in the light of the inconsistent evidence Jackson presented. Although the subjective testimony suggested more frequent seizure episodes, the progress notes from the Veterans Administration and the medical opinion of one physician, who had evaluated Jackson on referral by the Secretary, indicated that Jackson experienced approximately one major motor seizure per month. Consequently, the Secretary maintains that it was reasonable to conclude that the requirements for a seizure disability—that major motor seizures occur more frequently than once a month—had not been met. *See* 20 C.F.R. pt. 404, subpt. P, app. 1 at § 11.02 (1986) (major motor seizure requirement for epilepsy).

The reasonableness of the Secretary's position is a close question. One view of the subjective evidence and other medical record suggests that Jackson suffered from fifteen to eighteen or more seizures a year. Unless someone is with Jackson constantly, it is impossible for any person, including a physician, to state definitely how many seizures Jackson suffers. Consequently, it would appear unreasonable for the Secretary to have relied only on the two medical documents to conclude that Jackson did not suffer a disabling seizure disorder. *See Cornella v. Schweiker,* 728 F.2d 978, 984 (8th Cir.1984) (government's position unreasonable in fact when relied on isolated part of evidence and ignored other overwhelming evidence of disability); *Wheat v. Heckler,* 763 F.2d 1025, 1031 (8th Cir.1985) (Secretary disregarded overwhelming weight of evidence); *Weakley v. Bowen,* 803 F.2d 575, 578–79 (10th Cir. 1986) (Secretary's reliance on only one physician's testimony not substantially justified when the testimony conflicted with other medical opinions, testimony at hearing, and history of patient's illness).

■ Another view of the evidence, however, focuses on the fact that the other medical records only restated Jackson's statement to the reporting physicians on the frequency of his seizures and did not reveal the physicians' independent judgments on the frequency. Therefore, all the evidence pointing to a more disabling seizure disorder was subjective, and it appears reasonable for the Secretary to have relied on the only objective medical evidence stating a medical opinion to conclude that Jackson did not meet the disability requirements. *Cf. Campbell,* 800 F.2d at 1250 (treating physician's and consulting physician's conflicting opinions made on the basis of same data, but Secretary can reasonably reject treating physician's opinion in deference to conflict). *See Donovan*

---

**5.** Congressman Kindness also referred to a specific sentence in the committee's report which states: "Agency action found to be arbitrary and capricious or unsupported by substantial evidence is virtually certain not to have been substantially justified under the [EAJA]." H.R.Rep. No. 120, 99th Cong., 1st Sess. 9–10, *reprinted in*

1985 U.S.Code Cong. & Admin.News 132, 138. He stated that this sentence was not meant to confuse the distinction between the substantial evidence rule and the substantial justification standard which is novel to the EAJA. 131 Cong. Rec. H4763 (daily ed. June 2d, 1985) (statement of Congressman Kindness).

*v. DialAmerica Marketing, Inc.,* 757 F.2d 1376, 1389 (3d Cir.) (closeness of case is evidence of substantial justification), *cert. denied,* —— U.S. ——, 106 S.Ct. 246, 88 L.Ed.2d 255 (1985). Furthermore, this is not a case in which the Secretary rejected undisputed evidence which showed a *per se* entitlement to benefits, *see Herron,* 788 F.2d at 1132 (Secretary's position therefore without substantial justification); denied Jackson's claim without researching the issue, *see Granville House, Inc. v. Department of Health, Educ. & Welfare,* 796 F.2d 1046, 1049 (8th Cir.1986); substituted its judgment for that of the physicians, *see Dennis v. Heckler,* 756 F.2d 971, 976 (3d Cir.1985) (Secretary's position therefore without substantial justification); or erred in applying the guidelines to Jackson's disability, *see Washington v. Heckler,* 756 F.2d 959, 966–68 (3d Cir.1985) (Secretary's position therefore without substantial justification).

### III. CONCLUSION

Because at least one permissible view of the evidence leads to the conclusion that the government has shown a reasonable basis in fact and law for its position, we hold that the trial court did not abuse its discretion in not awarding attorney's fees under the EAJA. Accordingly, the district court's order is affirmed.