Pursuant to the memorandum filed herein this day,

IT IS HEREBY ORDERED that defendants Slay, Tyus, and Cullen's motions pursuant to Fed.R.Crim.P. 12(b), 29(c), and 33,

pursuant to 28 U.S.C. § 2255, and pursuant to a proceeding in the nature of a motion for a writ of error *coram nobis* be and are granted in part and denied in part.

IT IS FURTHER ORDERED that the jury's verdicts of guilty rendered against defendants Slay, Tyus, and Cullen be and hereby are set aside.

IT IS FURTHER ORDERED that defendants Slay, Tyus, and Cullen's motions to dismiss the indictment be and hereby are denied.

IT IS FURTHER ORDERED that defendants Slay, Tyus, and Cullen be and hereby are granted a new trial.

**William C. MELTON, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of the Department of Health and Human Services, Defendant.**

**No. 86–4177–CV–C–5.**

United States District Court, W.D. Missouri, C.D.

June 5, 1987.

354

Kenneth W. Johnson, Johnson & Miller, Springfield, for plaintiff.

Vernon A. Poschel, Asst. U.S. Atty., Kansas City, Mo., for defendant.

## ORDER

SCOTT O. WRIGHT, Chief Judge.

Pending before the Court is plaintiff's application for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (1985). Additionally, Attorney Karenanne Miller has filed an application for approval of attorney's fees pursuant to 42 U.S.C. § 406(b)(1).

Under the EAJA, a "prevailing party" will be awarded attorney's fees if the position of the United States was not "substantially justified," unless special circumstances make the award unjust. 28 U.S.C. § 2412(d)(1)(A). Plaintiff William C. Melton clearly was the prevailing party in this appeal from denial of Social Security disability benefits.

The test of whether the government's position is "substantially justified" is one of reasonableness. *Cornella v. Schweiker*, 728 F.2d 978, 982 (8th Cir.1984). For the Secretary's position to be substan-

355

tially justified, it must show that its position was "clearly reasonable; well-founded in law and fact, solid though not necessarily correct." *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir.1986), *quoting United States v. 1,378.65 Acres of Land*, 794 F.2d 1313, 1318 (8th Cir.1986). A finding that there is no substantial evidence to support the denial of an application for Social Security benefits does not necessarily mean that an award of attorney's fees is appropriate. The "substantial justification" test is a lesser standard than the "substantial evidence" test. *Jackson*, 807 F.2d at 129. "[T]he fact that the Secretary lost the case before the district court does not mean the Secretary's position was without substantial justification." *Id., citing Keasler v. United States*, 766 F.2d 1227, 1231 (8th Cir.1985).

Although the Secretary of the SSA bears the burden of proving the reasonableness of its position in the administrative and judicial proceedings, the Eighth Circuit has recently upheld a district court's denial of fees under the EAJA where at least one permissible view of the evidence is that the government has shown a reasonable basis in fact and law for its position. *Jackson*, 807 F.2d at 130.

■■■ As in *Jackson*, at least one view of the evidence in this case supports the reasonableness of the government's position, even though there was no substantial evidence to support a finding that plaintiff Melton was not disabled. The Secretary relied on at least one consulting physician's opinion as to the disabling nature of plaintiff's disorder. Both objective and subjective evidence was considered in the district court's review. Moreover, the plaintiff's brief in support of the motion for approval of attorney's fees under 42 U.S.C. § 406(b)(1) argues that this case involved a significant risk of nonpayment. While certainly not dispositive, this does not contradict the Court's finding that the government's opinion was at least "substantially justified" within the meaning of the EAJA. Nor does the Secretary's failure to oppose the petition for fees preclude a denial of fees under the EAJA. *Jackson*, 807 F.2d

at 129. Such fees will not be awarded here.

■■■ The Court next considers plaintiff's application for fees under 42 U.S.C. § 406(b)(1). This section provides that an attorney who represents a prevailing plaintiff in a Social Security case may recover a reasonable fee for services rendered, not to exceed 25% of the benefits recovered. Here, $45,912.00 total accrued benefits are due to the Social Security plaintiff. Twenty-five percent of that amount, $11,478.00, has been set aside as a fund for payment of attorney's fees.

■■■ Plaintiff's attorney has submitted an itemized statement for 33.5 hours before the district court, excluding the time applicable to the EAJA application. The attorney is entitled to compensation only for a reasonable number of hours. *MacDonald v. Weinberger*, 512 F.2d 144 (9th Cir.1975). While the number of hours expended on plaintiff's behalf before this Court is reasonable, plaintiff's attorney is only entitled to a reasonable fee, not the statutory maximum. Here, the $11,478.00 fee which plaintiff's attorney seeks to be awarded for 33.5 hours of work would amount to an hourly rate of more than $342. The Court finds this amount to be excessive. Disability benefits are not sweepstakes winnings, but instead are "an already-inadequate stipend for the support and maintenance of the claimant and his dependents." *MacDonald*, 512 F.2d at 147.

Thus, it is the Court's responsibility to determine the amount of reasonable compensation. The Eighth Circuit has adopted a "lodestar method" for calculating the fee award, which requires multiplying a reasonable hourly rate by the number of hours worked. *Jorstad*, 643 F.2d at 1312. *Jorstad v. IDS Realty Trust*, 643 F.2d 1305, 1313 (8th Cir.1981).

Here, Attorney Miller has not provided the Court with a statement of her usual hourly fee. Hence, an hourly rate of $85.00 may already be an upward adjustment considering the novelty and difficulty of legal issues involved, the length and amount of work put into the brief, and the rate normally charged for this type of legal

**356**

work. *See Dowdy v. Bowen*, 636 F.Supp. 591, 593 (W.D.Mo.1986) ($75.00 per hour is reasonable rate); *Brissette v. Heckler*, 613 F.Supp. 722, 726 (E.D.Mo.1985) ($60.00 per hour). The *Dowdy* court noted that the statutory rate of $75.00 under the EAJA was appropriate guide. Because the Court has determined that fees under the EAJA are not appropriate here because the government's position was justified, an increase for the risk involved has been included in the $85.00 rate. The Court finds no compelling reason to adjust the rate any higher, especially absent affidavits and verification of normal hourly rates.

Accordingly, it is hereby

ORDERED that Attorney Karenanne Miller will be awarded a fee of $2,847.50 for 33.5 hours of work, at $85.00 per hour, in preparing the judicial phase of this case.