Alvin G. SULLIVAN, (SSN: 488–56–1057) **Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of the Department of Health and Human Services, Defendants.**

No. 85–0519–CV–W–8.

United States District Court, W.D. Missouri, W.D.

May 30, 1990.

Daniel J. Devine, Kansas City, Mo., for plaintiff.

Judith M. Strong, F.O. Griffin, Jr., Asst. U.S. Attys., Paul P. Cacioppo, Regional Atty., Region VII, Dept. of HHS, Kansas City, Mo., for defendants.

### ORDER

STEVENS, District Judge.

Plaintiff filed this lawsuit seeking review of the defendant's decision denying him

social security disability benefits (disability benefits) and supplemental security income (SSI) benefits. This court has remanded this case on two separate occasions to the administrative law judge (ALJ) for further proceedings consistent with the Eighth Circuit's decision in *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir.1984). *See* October 28, 1985 Order and July 5, 1988 Order. After the second remand the Secretary determined that plaintiff was entitled to both disability benefits and SSI benefits. The case is currently before the court on the motion of plaintiff's attorney for payment of attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

■ EAJA requires that the court award attorney's fees to a prevailing party in an action brought by or against the United States unless the position of the government was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). A party's position is substantially justified if it is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). This test "is one of reasonableness." *Melton v. Bowen,* 673 F.Supp. 353, 354 (W.D.Mo.1987). In other words, the government "must show that its position was 'clearly reasonable; well-founded in law and fact, solid though not necessarily correct.'" *Id.* at 355 (quoting *Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986)). The "substantial justification standard is a lesser standard than the substantial evidence standard used to review administrative determinations." *Brouwers v. Bowen,* 823 F.2d 273, 275 (8th Cir.1987). *Accord Melton,* 673 F.Supp. at 355. As a result, the government's position may be "substantially justified" even though the court finds that there was not substantial evidence to support the Secretary's decision.

■ In this case the government argues that its position was substantially justified because there was more than one view of the evidence. Defendant's Response to Plaintiff's Application for EAJA Fees at 2. This argument is without merit, however, since the court did not remand the case for

further development of conflicting evidence. Rather, the court twice remanded the case because the ALJ failed to consider plaintiff's subjective complaints of pain in accordance with the Eighth Circuit's directive in *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir.1984).

Several courts in this district have held that an award of attorney's fees under EAJA is appropriate if "the ALJ failed to give full consideration to all the evidence presented relating to plaintiff's subjective complaints of pain." *Duke v. Bowen,* No. 84–0493–CV–W–9–JWO (W.D.Mo.1988) (unpublished opinion) (available on Lexis at 1988 U.S.Dist. Lexis 14151). *Accord Irvin v. Bowen,* No. 82–0014–CV–W–3 (W.D.Mo. 1988) (unpublished opinion) (available on Lexis at 1988 U.S.Dist. Lexis 7571) (award of fees under EAJA is appropriate where the Secretary twice "persisted in ignoring controlling Eighth Circuit precedent concerning the proper method of making a credibility determination on plaintiff's subjective complaints of pain"); *James v. Bowen,* No. 85–1341–CV–W–9 (W.D.Mo.1987) (unpublished opinion) (available on Westlaw at 1987 WL 11468) (Secretary's decision was neither clearly reasonable nor well founded in law when "the ALJ failed to make proper credibility findings when he considered plaintiff [sic] subjective testimony about his nonexertional impairments as required by *Polaski v. Heckler* ..."). This court joins the other courts in this district in finding that the Secretary's decision is not substantially justified when an ALJ repeatedly ignores applicable Eighth Circuit precedent by failing to consider properly a claimant's subjective complaints of pain.

■ Having found that the Secretary's decision was not substantially justified the court must next determine an appropriate fee award. An attorney seeking compensation under EAJA may not receive fees in excess of $75 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(1)(C)(2)(A). In

the instant case plaintiff's attorney argues that he should be compensated at the rate of $100 per hour because of the general increase in the cost of living from the time the statute was enacted to the present. In support of this argument plaintiff's attorney notes a number of statistics reflecting a forty percent increase in the consumer price index since October 1, 1981, the date on which EAJA became effective.

This increase is not as persuasive as plaintiff's attorney urges, however, since when Congress reenacted EAJA in 1985 it maintained the $75 maximum hourly fee. *See Allen v. Schweiker*, 666 F.Supp. 720, 722 (E.D.Pa.1986) (noting that sixteen percent inflation rate since 1981 is not persuasive authority for increase in attorney's fee when the reenacted statute provided for the same $75 maximum hourly rate as did the original statute). Thus, while plaintiff's attorney correctly argues that the cost of living has risen since the time EAJA was enacted, this increase is not persuasive authority for increasing a fee award over the $75 maximum when Congress reenacted the statute using an identical figure four years later.

In addition, the court notes that the cost of living adjustment is not automatic. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir.1989). The court has carefully reviewed the fee affidavit submitted by plaintiff's counsel and concludes that a cost of living increase of approximately thirty-three percent is not warranted under the facts of this case. Plaintiff's attorney performed much of the work for which reimbursement was sought in 1985 and 1986, immediately before and shortly after Congress reenacted EAJA. As noted above, this court believes that the decision to keep the $75 maximum fee when EAJA was reenacted is evidence that Congress did not believe the cost of living had escalated to a point that a modification in the fee structure was necessary. Similarly, the court does not believe that plaintiff's attorney has established such a dramatic increase in the cost of living over the past two years that an upward departure is warranted for the more recent work performed in this case. Accordingly, it is

ORDERED that the motion of plaintiff's attorney for attorney's fees pursuant to EAJA is granted. It is further

ORDERED that plaintiff's attorney is awarded fees for 71.25 hours of work at the rate of $75 per hour, a total award of $5343.75.