917 F.2d 26
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert HADLEY, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 90-1291.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 22, 1990.*
Decided Oct. 29, 1990.
 
 Before BAUER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 This appeal concerns the denial of attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. Sec. 2412(d)(1)(A), in a case for disability benefits under the Social Security Disability Benefits Reform Act. The central issue on appeal is whether the Secretary of Health and Human Services (the Secretary) was substantially justified under EAJA in contesting the onset date of disability.
 
 
 2
 After a hearing at which lay and medical testimony was presented, the Administrative Law Judge (ALJ) found that Hadley suffered from organic mental disorder as a result of substance (alcohol) addiction, and awarded benefits to Hadley. The ALJ, however, determined the onset date of the disability as February, 1987, rather than January 1985 as Hadley had contended. In arriving at that decision, the ALJ noted that the record did not document mental deterioration until the testing on February 13, 1987, and that an examination on August 11, 1986, indicated that Hadley's memory was intact and his behavior was appropriate. That decision was affirmed by the Appeals Council.
 
 
 3
 On appeal to the district court, the central issue was whether the onset date of disability was properly determined. The court held that the ALJ improperly calculated the onset date because Social Security Ruling 83-20 required the ALJ to "call on the services of a medical advisor" in cases in which no medical evidence established the precise onset date. The court reversed the case and remanded for an award of benefits as of the 1985 date because a medical report by Dr. Gentry, admitted as a supplement to the record before the Appeals Council, provided direct evidence of the onset date of disability. On a motion to alter or amend the judgment, the court acknowledged that Dr. Gentry might not qualify as a "medical adviser" under SSR 83-20, but held that the evidence pointed to only one conclusion regarding the onset date, and that the relief granted was still appropriate.
 
 
 4
 The court denied, however, the subsequent motion for EAJA fees by Hadley. The court declared that the Secretary's position was substantially justified because the need for reversal was a close question. On appeal, Hadley asserts that the Secretary's position could not have been substantially justified because it was in violation of SSR 83-20.
 
 
 5
 The district court must deny benefits under EAJA if it finds that a reasonable argument can be made in law or fact. Furthermore, that decision by the district court can only be disturbed if the court abused its discretion. McGuire v. Sullivan, 873 F.2d 974, 977 (7th Cir.1989). In this case, we are unable to conclude that the district court abused its discretion in denying benefits.
 
 
 6
 A position is substantially justified if it is justified to a degree that could satisfy a reasonable person. Pierce v. Underwood, 108 S.Ct. 2541 (1988). Analysis of the present case indicates that reasonable arguments could be made in support of the ALJ's decision. SSR 83-20 provides that the ALJ should call on the services of a medical advisor in cases in which the medical evidence of record does not establish the onset date of disability. Hadley argues that the ALJ violated that requirement by determining the onset date in the absence of direct medical evidence and without consulting a medical advisor, and that the Secretary should have known of that violation. The record, however, indicates that a number of doctors examined Hadley between January 1985 and 1987. Those examinations revealed declining mental ability, culminating in the examination on February 1987 upon which the ALJ relied to determine disability. The ALJ concluded that the examinations failed to reveal a disabling condition prior to February 1987. Therefore, the ALJ essentially found that the medical evidence established the onset date. Because the onset date did not have to be inferred under that reasoning, the requirement of consulting a medical advisor was inapplicable. That argument is not without support in law or fact. Whether the medical evidence documenting the mental deterioration was sufficient to establish a disability date is subject to considerable argument. The Secretary was not without substantial justification in contending that the evidence was sufficient to establish the onset date.
 
 
 7
 Moreover, the district court ultimately did not rely on SSR 83-20 in its decision. The court held that the evidence, including Dr. Gentry's report, conclusively established the onset date as 1985. Based upon that conclusion, the court reversed the case and remanded it for the award of benefits. Therefore, the district court did not determine that a medical advisor had to be consulted once Dr. Gentry's supplemental report was submitted. The Secretary was not without substantial justification in contending that the medical evidence did not establish January 1985 as the date of disability, because numerous medical examinations in 1986 indicated only slight mental impairments. The district court did not abuse its discretion in concluding that the Secretary's position was substantially justified. Accordingly, the decision of the district court denying EAJA fees is
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Plaintiff-appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record