1. Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. Pub.L. No. 103–

---

**Randolf T. OTT, Plaintiff,**

v.

**Shirley S. CHATER, Commissioner of Social Security,[1] Defendant.**

**Civil Action No. 94–4235–DES.**

United States District Court, D. Kansas.

Feb. 23, 1996.

296, 108 Stat. 1477, 1478, 1490. Pursuant to Fed.R.Civ.P. 25(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action.

Kelly C. Brown, Kenneth M. Carpenter, Carpenter Chartered, Topeka, KS, for plaintiff.

D. Brad Bailey, Office of United States Attorney, Topeka, KS, for defendant.

### MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

### I. INTRODUCTION

This matter is before the court on the plaintiff's application for an award of fees, costs and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") (Doc. 16), and the motion of Kenneth M. Carpenter, the plaintiff's attorney, for a determination and award of attorney fees pursuant to the Social Security Act, 42 U.S.C. § 406(b)(1) (Doc. 17).

### II. PROCEDURAL BACKGROUND

On March 25, 1992, the plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et*

*seq.* The plaintiff alleged that he became unable to work because of his disabling condition on December 31, 1988. The Social Security Administration ("SSA") denied the plaintiff's claim on May 27, 1992, stating that the plaintiff's post-traumatic stress disorder and depression did not limit his ability to work. The plaintiff filed a request for reconsideration on July 28, 1992. SSA denied the plaintiff's request on September 23, 1992, finding that the plaintiff's mental problems were not disabling prior to the plaintiff's date last insured of December 31, 1989.

On January 18, 1993, the plaintiff requested a hearing by an administrative law judge ("ALJ"). Mr. Ott's hearing was set for September 7, 1993. The plaintiff's counsel, by letter dated August 11, 1993, requested that the ALJ have a medical advisor present at Mr. Ott's hearing. The ALJ denied counsel's request, and the plaintiff's hearing was held on September 7, 1993, without the presence of a medical advisor.

In a decision dated December 23, 1993, the ALJ determined that the plaintiff was not entitled to a period of disability or disability insurance benefits, because the plaintiff had not become disabled until on or about February 1, 1992, after his date last insured. On February 16, 1994, the plaintiff filed a request for review of the ALJ's decision; the plaintiff's request was denied on October 5, 1994.

On June 27, 1995, the plaintiff filed in this court a motion for summary judgment pursuant to Title II of the Social Security Act, 42 U.S.C. § 405(g).[2] Section 405(g) provides for judicial review of final decisions of the Commissioner of Social Security. The court found that the evidence regarding the onset date of the plaintiff's disability was ambiguous. We reversed and remanded the case for determination by the ALJ, with the assistance of a medical advisor, of the date of onset of the plaintiff's disability. On October 12, 1995, the plaintiff filed a motion pursuant to the EAJA, seeking attorney's fees, costs, and expenses in the amount of $4,491.47. On that same date, plaintiff's counsel filed a motion pursuant to the Social Security Act

for attorney's fees, costs, and expenses in the same amount.

## III. DISCUSSION

### A. *Attorney's fees under the EAJA*

The EAJA provides as follows:

[A] court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

 The government bears the burden of proving that its position was substantially justified. *Gutierrez v. Sullivan,* 953 F.2d 579, 584 (10th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 3064, 125 L.Ed.2d 746 (1993). "Substantially justified" means "more than merely undeserving of sanctions for frivolousness." *Pierce v. Underwood,* 487 U.S. 552, 566, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). A position can be justified, however, even though it is not correct, so long as a reasonable person could think it correct, i.e., if it has a reasonable basis in law and fact. *Id.* at 566 n. 2, 108 S.Ct. at 2550 n. 2. The question before the court is whether a reasonable person could conclude that the government's position, as represented by the ALJ's opinion and answer, was correct. *Rother v. Shalala,* 869 F.Supp. 899, 901 (D.Kan.1994).

The plaintiff argued in his motion for summary judgment that the ALJ failed to apply Social Security Ruling 83–20 in determining the onset date of the plaintiff's disability. Social Security Ruling 83–20, "Titles II and XVI: Onset of Disability," provides an analytical framework for establishing the onset date of a disability. 1983–1991 Soc.Sec.Rep. Serv. 49, 1983 WL 31249 ("SSR 83–20").

---

**2.** The plaintiff followed former District of Kansas Rule 503 (repealed Oct. 1, 1995), which directed social security appellants to file "an appropriate dispositive motion and memorandum."

The ruling instructs the ALJ to consider three factors in determining disability onset: the claimant's statement as to when his disability began, the date the claimant's impairment caused him to stop work, and medical reports containing descriptions of examinations or treatment of the claimant. *Id.* at *2.

The third factor, medical evidence, should serve as the primary element in onset determination. *Id.* However, with slowly progressive impairments, it is sometimes impossible to obtain evidence which establishes the precise date an impairment became disabling. *Id.* In such cases, it is necessary to infer the onset date from the medical evidence. *Id.* The ALJ should utilize the services of a medical advisor whenever onset must be inferred. *Id.* at *3.

In his December 23, 1993, decision, the ALJ found that the medical evidence in Mr. Ott's file indicated that the plaintiff was not totally disabled in 1990 or 1991. The ALJ pointed to evidence found in the plaintiff's Veterans Administration records, e.g., a treating physician's statement that the claimant was employable as late as June 5, 1991, and service-connected disability ratings of between twenty and thirty percent in 1990 and 1991. The ALJ concluded that such evidence showed that the plaintiff did not become totally disabled until after his date last insured of December 31, 1989. According to the ALJ, it was therefore not necessary to infer the onset of disability, and consequently, the services of a medical expert were not required.

■ We agree with the ALJ's interpretation of SSR 83–20 that the ALJ need not enlist a medical advisor when the medical evidence clearly shows that the claimant's impairment did not become disabling prior to his date last insured. *See Easthouse v. Shalala,* 877 F.Supp. 561, 565 (D.Kan.1995) (where the medical evidence regarding onset date is ambiguous, the ALJ must infer the onset date after consulting a medical advisor). In our September 29, 1995, order remanding this case, however, we found that the evidence as to onset date was ambiguous. We cited the January 1990 examination of Mr. Ott in which a psychiatric social worker determined that the plaintiff's highest Global

Assessment of Functioning ("GAF") scale score for the previous year had been 43. A patient with a GAF of 43 has "serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., few friends, unable to keep a job)." American Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 12 (3d ed.1987). We held that the evidence as to whether the plaintiff became totally disabled prior to December 31, 1989, was inconclusive, and instructed the ALJ to call on the services of a medical advisor to determine the onset of the plaintiff's disability.

■ Although we reached a conclusion contrary to that of the ALJ, we cannot say that his reasoning was without support in law or fact. A reasonable person could have adduced from the evidence which was before the ALJ that the plaintiff did not become disabled until after 1989. Where at least one view of the evidence in a case supports the reasonableness of the government's position, "the position of the government was substantially justified and EAJA fees should be denied." *Durham v. Sullivan,* No. 88–2057–O, 1990 WL 154203, at *2 (D.Kan. Oct. 6, 1990) (citing *Jackson v. Bowen,* 807 F.2d 127, 129 (8th Cir.1986)). An award under the EAJA is not appropriate in cases which are very close. *Id.* at *2; *see also Hadley v. Sullivan,* 917 F.2d 26, 1990 WL 163845, at *2 (7th Cir.1990), *cert. denied,* 500 U.S. 917, 111 S.Ct. 2015, 114 L.Ed.2d 102 (1991) (ALJ's failure to use medical advisor to infer disability onset date, though error, was not without substantial justification). Accordingly, the court denies the plaintiff's request for attorney's fees pursuant to the EAJA.

### B. Attorney's fees under 42 U.S.C. § 406(b)(1)(A)

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past due benefits to which the claimant is enti-

tled by reason of such judgment, and the Commissioner of Social Security may ... certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. 42 U.S.C. § 406(b)(1)(A). Thus, unlike an award of fees under the EAJA, an allowance of attorney's fees under § 406(b)(1) is taken out of the claimant's past-due disability benefits.

Courts have held that remand of a case for further administrative proceedings constitutes a "judgment favorable" to the claimant within the meaning of § 406(b)(1), if the claimant subsequently receives an award of benefits. See, e.g., Ray v. Gardner, 387 F.2d 162, 165 (4th Cir.1967); Vazquez v. Secretary of Health & Human Servs., 608 F.Supp. 346, 348 (D.P.R.1985). In the instant case, however, there is as of yet no determination that the plaintiff will be awarded benefits. The plaintiff's attorney urges the court to award fees under § 406(b) now, but postpone implementation of the fees award until the plaintiff receives an award of past-due benefits out of which fees could be paid.

■ Mr. Carpenter refers the court to Shalala v. Schaefer, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), in which the Supreme Court held that a plaintiff who receives a "sentence four" [3] remand for further administrative proceedings is a "prevailing party" under the EAJA. Id. at 300, 113 S.Ct. at 2631–32. A Social Security claimant thus becomes eligible for EAJA attorney's fees upon a sentence four remand, regardless of whether he later succeeds in obtaining disability benefits. Id.; Brown v. Shalala, No. 93–4265–RDR, 1995 WL 462212, at *2 (D.Kan. July 26, 1995). Mr. Carpenter has provided the court with no authority, however, in support of his contention that the court may award attorney's fees under the Social Security Act before there has been a final determination in the plaintiff's favor. Courts

which have addressed the issue have consistently declined to award fees under § 406(b) where there is yet no judgment awarding the claimant benefits. See, e.g., Durant v. Chater, 906 F.Supp. 706, 713 (D.Mass.1995) (court declined to assume power to award attorney's fees upon remand where § 406(b) did not address the issue); Spicer v. Califano, 461 F.Supp. 40, 48 (N.D.N.Y.1978) (where court remanded case without ordering Secretary to award benefits, court denied motion for attorney's fees under § 406(b)(1)). In Nelson v. Sullivan, No. 85–CIV.9584–PNL, 1990 WL 144928 (S.D.N.Y. Sept. 26, 1990), the court noted that § 406(b)(1) limits any fee award to twenty-five percent of the claimant's total past-due benefits. Id. at *6. Absent a specific award of Social Security benefits, the court could not determine whether the requested attorney's fees exceeded the allowable amount. Id. Furthermore, § 406(b)(1)(A) provides for the imposition of a "reasonable" fee. In determining what is reasonable, the court must consider, among other things, the significance of the overall relief obtained by the claimant. Durham, 1990 WL 154203, at *2 (citing Ramos v. Lamm, 713 F.2d 546, 555–58 (10th Cir.1983)). Where there has not yet been a determination of whether the plaintiff will obtain relief, much less the extent of that relief, the court is not able to properly assess all of the factors which govern the reasonableness of a fees award.

IT IS BY THE COURT THEREFORE ORDERED that the plaintiff's application for an award of fees, costs and expenses under the Equal Access to Justice Act (Doc. 16) is denied.

IT IS FURTHER ORDERED that the motion by plaintiff's counsel for a determination and award of attorney fees pursuant to 42 U.S.C. § 406(b)(1) (Doc. 17) is denied without prejudice to its renewal after the

---

**3.** Sentence four of 42 U.S.C. § 405(g) provides that "[t]he court shall have power to enter ... a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Sentence four remands are distinguished from sentence six remands, which the court may order in only two situations: where

the Commissioner of Social Security requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency. Schaefer, 509 U.S. at 297 n. 2, 113 S.Ct. at 2629 n. 2. The court's September 29, 1995, order remanded this case pursuant to sentence four.

amount of the plaintiff's past-due benefits, if any, is finally determined.