946 F.Supp. 744 (1996)
Michael VANOVER, Plaintiff,
v.
Shirley S. CHATER, Commissioner of Social Security, Defendant.
No. 1:94CV90LMB.
United States District Court, E.D. Missouri, Southeastern Division.
October 15, 1996.
Matthew R. Shetley, Crow and Reynolds, Kennett, MO, for plaintiff.
Madeline B. Cole, Office of U.S. Attorney, St. Louis, MO, for defendant.

ORDER
BLANTON, United States Magistrate Judge.
This matter is before the court on plaintiffs counsel's Application for Attorney Fees and Expenses Under the Equal Access to Justice Act. (Document # 20).
Plaintiff has requested $3,570.00 in attorney fees (42.0 hours × $85.00 per hour) and $38.00 in expenses. (Document # 20).
*745 Defendant, on the other hand, asserts that plaintiff is not entitled to attorney's fees because the defendant's position was substantially justified. In the alternative, defendant asserts that the amount requested by counsel is excessive.

DISCUSSION
Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 a court:
shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded ..., incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
Accordingly, plaintiff's attorney is entitled to fees and expenses if (1) plaintiff was the prevailing party, and (2) the defendant's position was not substantially justified.

PREVAILING PARTY:
As reflected in the Memorandum of March 20, 1996, the undersigned found errors in the ALJ's decision and remanded this matter for further consideration pursuant to sentence four of 42 U.S.C. 405(g). The Supreme Court has made it clear that "a party who wins a sentence-four remand order is a prevailing party." Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993). Defendant does not dispute that plaintiff is a prevailing party for the purposes of the Equal Access to Justice Act.
It being determined that plaintiff is a prevailing party, the undersigned must next determine whether the defendant's position was substantially justified.

SUBSTANTIALLY JUSTIFIED:
In Sullivan v. Sullivan, 738 F.Supp. 332 (W.D.Mo.1990), the Court provided a good summary of the standard for determining if a party's position is "substantially justified." The Court in Sullivan reported that:
A party's position is substantially justified if it is "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552 [565], 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). This test "is one of reasonableness." Melton v. Bowen, 673 F.Supp. 353, 354 (W.D.Mo. 1987). In other words, the government "must show that its position was `clearly reasonable; well-founded in law and fact, solid though not necessarily correct.'" Id. at 355 (quoting Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir.1986)). The "substantial justification standard is a lesser standard than the substantial evidence standard used to review administrative determinations." Brouwers v. Bowen, 823 F.2d 273, 275 (8th Cir.1987). Accord Melton, 673 F.Supp. at 355. As a result, the government's position may be "substantially justified" even though the court finds that there was not substantial evidence to support the Secretary's decision.
Sullivan, 738 F.Supp. at 333.
The undersigned finds that the defendant's position was not substantially justified. The undersigned remanded this matter for consideration of plaintiffs mental status and the effect, if any, of plaintiffs mental status on his perception of pain. Further, the undersigned directed that a consultative examination be obtained. While the evidence of plaintiffs 1990 hospitalization for chronic pain (which included a diagnosis of a somatization disorder) may not have been before the ALJ, plaintiff did tell the ALJ about his six-week hospitalization for chronic pain. (Tr. 43-44, 49). Further, plaintiff included the hospitalization in his Reconsideration Disability Report under the section dealing with information about his medical records. (Tr. 114). There were also passing references to the 1990 hospitalization in the other medical records. (Tr. 114). Additionally, the record is replete with references to plaintiff's use of antidepressants. While defendant asserts that the ALJ's failure to conduct a mental evaluation was reasonable, the undersigned has indicated that the ALJ should have been aware of plaintiffs possible mental impairments, thus warranting further investigation. Accordingly, the undersigned finds that the defendant has not met her burden of *746 establishing that her position was substantially justified.

AMOUNT OF FEES:

Hourly Rate:
It having been determined that plaintiffs attorney is entitled to fees, it is necessary to consider whether the amount requested by plaintiffs attorney is appropriate. Under 28 U.S.C. § 2412(d)(2)(A), attorney fees are limited to seventy-five dollars ($75) an hour, unless the court determines that an increase in the cost of living or a special factor (such as the limited availability for qualified attorneys) justifies a higher fee.
Plaintiff has requested an hourly rate of $85.00 an hour. (Document # 20) and defendant has not objected to the hourly rate.
Accordingly, plaintiffs counsel will be reimbursed at the rate of $85.00 an hour.

Number of Hours:
Plaintiff has requested compensation for 42.0 hours of work. An itemized accounting of counsel's time is attached to his motion for fees. (Document # 20).
The undersigned finds that considering the routine nature of the case involved, the facts of the case, the length and content of counsel's brief and the lack of novel legal issues that a request for compensation for 42.00 hours of work is excessive.
The Southeastern Division of the United States District Court for the Eastern Division of Missouri routinely handles a large number of social security cases. The number of hours expended by counsel is above that of other attorneys who represent claimants before this court in similar cases. The hours spent on a case of this nature are generally in the neighborhood of fifteen to twenty hours and the fee awards are generally below $2,500.
Counsel's itemized time records have been carefully reviewed and will not be discussed point by point. However, the undersigned finds plaintiffs time excessive in areas such as receiving the documents from the court and opening the file, preparing and sending an entry of appearance with an accompanying letter to the clerk, preparing and sending a request for extension of time with an accompanying letter to the clerk, receiving the order granting the extension of time, research and preparation of the motion for summary judgment and memorandum, preparing a letter for the clerk to accompany the motion for summary judgment, receiving consent to jurisdiction by the defendant, receiving and reviewing the Judgment and Memorandum and researching and preparing the application for attorney's fees.
In a recent case before this court which involved a 328 page transcript with extensive psychological reports, a well-written thirty-three page memorandum by the plaintiffs counsel (a social security practitioner) as well as a three page reply brief (the undersigned's Memorandum was 39 pages long), the attorney expended only 9.00 hours of attorney time (at $106.85 an hour) and 4.5 hours of paralegal time (at $50.00 an hour). This is one example of a fee request this court has received from an attorney in this type of case.
Therefore, counsel will be compensated for 28.00 hours at the rate of $85.00 an hour for a total award of $2380.00. Plaintiffs counsel was also be reimbursed for the $38.00 in expenses.
Accordingly,
IT IS HEREBY ORDERED that Plaintiffs counsel's Application for Attorney Fees Under the Equal Access to Justice Act (Document # 20) is GRANTED.
IT IS FURTHER ORDERED that plaintiff is awarded attorney's fees and expenses, under the Equal Access to Justice Act, in the amount of $2418.00 (28.0 hours at $85.00 and hour and $38.00 in expenses).