Larry B. STANFIELD, Plaintiff,

v.

Kenneth S. APFEL,[1] Commissioner of Social Security, Defendant.

No. 1:95 CV 103 DDN.

United States District Court, E.D. Missouri, Southeastern Division.

Dec. 22, 1997.

1. Effective September 29, 1997, Kenneth S. Apfel became the Commissioner of Social Security and is substituted for Shirley S. Chater as defendant in this action. Fed.R.Civ.P. 25(d)(1).

Eileen R. Kinney, Kinney Law Firm, P.A., Minneapolis, MN, for plaintiff.

Eric T. Tolen, Asst. U.S. Atty., Office of U.S. Attorney, St. Louis, MO, for defendant.

## MEMORANDUM

NOCE, United States Magistrate Judge.

This matter is before the court upon the plaintiff's petition for attorney's fees (Doc. No. 24). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. 28 U.S.C. § 636(c).

Plaintiff Larry B. Stanfield asks this court to award attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The EAJA provides for the award of fees and expenses to a prevailing party who submits a timely application for fees, unless the court finds that the position of the United States was substantially justified. Plaintiff argues that he was the prevailing party in the case by reason of the order entered on April 11, 1997, and that the position of the United States was not substantially justified.

Defendant Kenneth S. Apfel, Commissioner of Social Security, opposes the fee application, arguing that the Commissioner's position was substantially justified. Alternatively, defendant asserts that, if an award of attorney's fees is made, the award should be reduced by fifty percent because plaintiff prevailed only in part.

Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A), a court:

shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded ..., incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds

that the position of the United States was substantially justified or that special circumstances make an award unjust.

The court finds, and defendant concedes, that plaintiff timely filed his petition for attorney's fees. 28 U.S.C. § 2412(d)(1)(B). Accordingly, plaintiff's attorney is entitled to fees and expenses, if (1) plaintiff was the prevailing party, and (2) the defendant's position was not substantially justified.

Plaintiff Larry B. Stanfield commenced this action seeking judicial review of the decision of defendant Commissioner of Social Security denying his applications for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.*, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.*

Plaintiff moved for summary judgment, arguing that the decision denying his applications was not based on substantial evidence on the record as a whole because the administrative law judge (1) attached too much weight to the opinion of a reviewing psychiatrist, Dr. Glenn, while improperly discrediting the opinion of a reviewing psychologist, Dr. Niskey; (2) failed to fully and fairly develop the administrative record; (3) failed to ask the vocational expert a proper hypothetical question; and (4) failed to apply the proper standard for evaluating subjective complaints of pain and other symptoms. The defendant moved for summary judgment, arguing that the Commissioner's decision was supported by substantial evidence and that plaintiff's activities were not those of an individual incapacitated by physical and/or mental impairments.

On April 11, 1997, the court denied plaintiff's motion for summary judgment as to disability insurance benefits, finding that there was substantial evidence in the record as a whole to support the Commissioner's decision that, prior to September 30, 1986, plaintiff did not suffer from a mental disorder that affected his ability to work, and that there was no evidence in the record that plaintiff's work in 1984 and 1985 was affected by any mental condition. Memorandum, filed April 11, 1997, at 48. However, the court sustained plaintiff's motion for summary judgment as to supplemental security income benefits, and found that the Commissioner's decision was not supported by substantial evidence on the record as a whole. *Id.* at 49.

█ It is well-settled that in order to be a prevailing party for EAJA purposes, plaintiff must have received some, but not necessarily all, of the benefits originally sought in his action. *Swedberg v. Bowen,* 804 F.2d 432, 434 (8th Cir.1986) ("We agree with appellee that [*Cook v. Heckler,* 751 F.2d 240 (8th Cir.1984)] does not require a party to receive all of the benefits to which he claimed entitlement under the Social Security Act, but he must receive some in order to be a prevailing party"). *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). Plaintiff received benefits sought under Title XVI, and was thereby the prevailing party.

█ The Court must next address the question of whether defendant's position was substantially justified. It was not.

A party's position is substantially justified if it is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). This test "is one of reasonableness." *Melton v. Bowen,* 673 F.Supp. 353, 354 (W.D.Mo. 1987). In other words, the government "must show that its position was 'clearly reasonable; well-founded in law and fact, solid though not necessarily correct.'" *Id.* at 355 (quoting *Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986)). The "substantial justification standard is a lesser standard than the substantial evidence standard used to review administrative determinations." *Brouwers v. Bowen,* 823 F.2d 273, 275 (8th Cir.1987). *Accord Melton,* 673 F.Supp. at 355. As a result, the government's position may be "substantially justified" even though the court finds that there was not substantial evidence to support the Secretary's decision.

*Vanover v. Chater,* 946 F.Supp. 744, 745 (E.D.Mo.1996) (quoting *Sullivan v. Sullivan,* 738 F.Supp. 332, 333 (W.D.Mo.1990)) (internal citations omitted).

■ Defendant argues that its position was substantially justified, principally on the basis of the Title II claim upon which plaintiff did not succeed. Defendant also argues that its position on the Title XVI claim was such that "a reasonable person could have agreed with the ALJ's decision." Def. Response, filed July 15, 1997, at 6.

Defendant's argument is unavailing. This Court found the ALJ's decision to be manifestly erroneous in its recitation of plaintiff's factual evidence, and in its application of governing law. On the Title XVI claim, this Court found the record to be "overwhelmingly in support of a finding of disability" including medical evidence. Memorandum, filed April 11, 1997, at 49. "The record is clear that plaintiff had a mental disorder that is longstanding." *Id.* What was not clear was that the disorder was disabling during the requisite time period for eligibility for Title II benefits; therefore, under the applicable standards, plaintiff could not establish that the denial of benefits was not based on substantial evidence. Memorandum, filed April 11, 1997, at 39, 48. The fact that defendant's position on the Title II claim was substantially justified does not provide a defense to the EAJA claim of plaintiff. *See United States v. Jones,* 125 F.3d 1418 (11th Cir.1997)

■ Having concluded that plaintiff is the prevailing party and that the government's position was not substantially justified, the court must determine whether the amount requested by plaintiff's attorney is appropriate. *Hensley,* 461 U.S. at 433, 103 S.Ct. at 1939. The court must address two key questions: first, did plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did plaintiff achieve a level of success that makes the hours reasonably expended by his attorney a satisfactory basis for making a fee award? *Id.* at 434, 103 S.Ct. at 1939–40.

■ "Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims." *Id.* at 435, 103 S.Ct. at 1940. "[T]he EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items." *Commissioner, I.N.S. v. Jean,* 496 U.S. 154, 161–62, 110 S.Ct. 2316, 2320–21, 110 L.Ed.2d 134 (1990).

■ Here, the Title II and Title XVI claims were closely related; however, the threshold issue for the Title II claim was clearly the paucity of plaintiff's medical evidence for the requisite time period. Without more evidence that plaintiff's disabling mental condition was in existence prior to September 1986 (the end of his eligibility), plaintiff could not prevail on that claim. As a result, the larger part of the work on plaintiff's case constituted the Title XVI claim, upon which plaintiff did prevail.

"There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.... [W]here the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the result obtained." *Hensley,* 461 U.S. at 436–37, 440, 103 S.Ct. at 1941, 1943. The court has carefully reviewed the record of this action and the basis for the fee claimed by plaintiff. The amount of time claimed is 40.25 hours. Most of this time is shown to have been spent reviewing the transcript of the administrative proceedings and plaintiff's medical records, and in researching and preparing the brief in support of plaintiff's motion for summary judgment as well as the petition for attorney's fees. Based on plaintiff's partial success in this action, and the number of hours generally spent by attorneys on other cases of this nature in this court, the court will approve 30 hours of work.

Plaintiff seeks an hourly rate of $128.36 ($75.00 per hour plus an adjustment of $53.36 for cost-of-living increases). At the time this action was commenced, the EAJA provided:

(A) "fees and other expenses" includes ... reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... (ii) attorney fees

shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

*See* 28 U.S.C. § 2412(d)(2)(A).

The Eighth Circuit Court of Appeals has held this to mean that "the district court may, upon proper proof, increase the $75 per hour rate for attorney's fees to reflect the increase in the cost of living since October 1, 1981, the effective date of the EAJA as originally enacted." *Kelly v. Bowen*, 862 F.2d 1333, 1336 (8th Cir.1988) (citations omitted). To justify a fee higher than the statutory maximum of $75 per hour, plaintiff has provided the sworn, written statement of counsel, together with the United States Department of Labor's Consumer Price Index for the Minneapolis/St. Paul Area, prepared by the Bureau of Labor Statistics. Plaintiff has adjusted the cost-of-living increases for inflation in the Minneapolis/St. Paul area, and argues that these increases would result in an increase of statutory attorney's fees from $75.00 to $128.36 per hour.

The Eighth Circuit Court of Appeals has found that "the Consumer Price Index constitutes 'proper proof' of the increased cost of living since the EAJA's enactment and justifies an award of attorney's fees greater than $75 per hour in these cases." *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir.1990).

Accordingly, plaintiff will be compensated for 30 hours of service at the reasonable hourly rate of $128.36 per hour, for a total award of $3,850.80.